# Koch's Estate.    Danner's Appeal.

148   159
188   509

*Administrator's compensation—Agreement for a sum certain.*

One who makes an agreement with the heirs of a decedent to settle up the estate as administrator for a fixed sum, will be held to his agreement.

The fact that an arrangement made by the parties in interest delayed the settlement of the estate, but added nothing to the administrator's legal responsibility; and that it entailed the filing by the administrator of two accounts, in the first of which he claimed credit for the stipulated amount as compensation "thus far," does not set aside the contract. There was no duty on the part of the heirs to object to the form of the credit claimed in the first account, and silence is equivalent to acquiescence only when there is a duty to speak.

*Orphans' court practice—Exceptions to administrator's account—Rule of court of Lebanon county.*

The rule of the orphans' court of Lebanon county, which provides that " on the first day of each term on which accounts come up from the register's office, according to notice, for confirmation and allowance, they shall be confirmed nisi, and if no exceptions are filed within four days thereafter, they shall be confirmed absolutely," does not preclude the consideration by the court of exceptions filed after the expiration of the four days with an auditor appointed by the court to consider exceptions which were filed within that time.

Argued Feb. 16, 1892.   Appeal, No. 372, Jan. T., 1891, by
Henry S. Danner, administrator of the estate of Frederick
Koch, deceased, from decree of O. C. Lebanon Co., in the
said estate.   Before PAXSON, C. J., STERRETT, GREEN, WIL-
LIAMS and HEYDRICK, JJ.

Appeal from a surcharge and disallowance of commissions.

A rule of the Orphans' Court of Lebanon County is as fol-
lows:

" Rule 6—On the first day of each term on which accounts
come up from the register's office, according to notice, for con-
firmation and allowance, they shall be confirmed nisi, and if no
exceptions are filed within four days thereafter, they shall be
confirmed absolutely."

Appellant's account as administrator having been filed, ex-
ceptions thereto of a general character were filed within the
prescribed time and referred to an auditor.   The auditor dis-
allowed these exceptions, and as to them his report was con-
firmed.   Before the auditor an additional exception to the
compensation asked by accountant was filed, and this was dis-
allowed as without merit, and also for the reason that such ex-
ception was too late under the rule above quoted.

The facts appear by the opinion of the court below, (Mc-
PHERSON, J.,) on exceptions to the auditor's report:

" We entirely agree with the auditor in holding the except-
ants to their contract, and in allowing out of Frederick Koch's
estate payments which, except for that contract, would be
properly chargeable only against the estate of Elizabeth Koch.
No objection is made to the correctness of the items in question,
and it is perfectly plain that no one has been injured.   Indeed,
by reason of their contract, the exceptants have been benefited
to some extent by receiving the money due to their wards from
Elizabeth's estate several months before they could otherwise
have obtained it.

" But we regret to find ourselves unable to agree with the
auditor's conclusion in allowing the accountant the disputed
compensation.   His agreement was 'to settle up the estate of
Frederick Koch, deceased, as administrator for the sum of
$150,' and it is not alleged that any new contract was ever
made.   It is said, however, (1) That the widow and heirs so

changed and enlarged his duties that his agreement no longer bound him, and he was at liberty to charge whatever additional sum might be reasonable. Waiving the question how far they could burden him without his own consent, we can find no such change or enlargement. The widow and heirs simply agreed that she was to have the possession, control, use and benefit of all the decedent's property, real and personal, (money excepted,) for her life; expressly relieving the administrator from responsibility for the care or preservation of the personalty, and providing that he should sell what remained after her death and distribute the proceeds. This deferred a part of his ordinary duty for about two years, (the widow dying in 1887,) but added nothing to his legal responsibility. Neither does the testimony show any unusual trouble, whether due to the agreement of the widow and heirs or to any other cause; on the contrary, most of the work was done by two of the heirs, and the administrator, without personal inquiry or investigation, paid whatever bills they said were correct. It is also urged, (2) That, as the administrator charged $150 in his first account ' for his trouble, etc., thus far,' and as no exception was taken to this language, the heirs must be held to have acquiesced in the abrogation of the accountant's contract which is said to be implied in the phrase just quoted. But silence is equivalent to acquiescence only when there is a duty to speak, and no such duty rested upon the heirs when the first account was filed. The accountant was charging therein no more than he had agreed to charge, and even if the words above italicized are to be held to express his intention to charge an additional sum in the future, the heirs were not bound to object to them. At most, they were a mere declaration of intention, and he might change his mind; the time to object would be when the additional charge was actually made.

" Being now made and objected to, only these two reasons are given to support it, and in our opinion neither is sufficient. We must therefore surcharge the accountant with $100, thus increasing the balance for distribution to $773.34, and the share of each interest to $257.78.

" Thus modified, the report is confirmed and distribution decreed in accordance therewith."

*Errors assigned* were, (1–4) reversing the finding of the au-

ditor that the exception as to the compensation was filed too late; (5 and 6) not sustaining the auditor in his finding that the subsequent acts of the parties made such a material change as to annul the agreement as to compensation.

*Bassler Boyer*, for appellant.

*Grant Weidman*, for appellees.

PER CURIAM, March 28, 1892:

The decree is affirmed and the bill dismissed at the costs of the appellant.