# Fiscus's Estate.

*Auditor's finding—Appeal—General rule as to findings.*

The general rule as to the conclusiveness of a finding of fact by an auditor, approved by the court, may fairly be invoked where it appears that the validity of a note depended upon the mental condition of the decedent maker, and where, while the evidence was not very strong, it is doubtful whether the court would have been justified in awarding an issue d. v. n. upon it and where a verdict sustaining the validity of a will would have been sustained upon it.

The findings of an auditor will not be sustained on review, when the appellate court is not of opinion that there was sufficient evidence in law to sustain the finding.

To establish a gift inter vivos after the death of the alleged donor requires clear and satisfactory evidence upon every point essential to title by gift.

*Valuation of machinery in use by decedent—Measured as of time of death.*

Where administrators are to be surcharged with the half value of certain machinery which had been used by decedent for several years, it is obvious that the charge should not be based on the value or cost of new machinery; and where the testimony fails to show the real value, the appellate court will refer the case back to the court below to find from evidence to be taken what the actual value was at the time of the decedent's death.

*Executors and administrators—Commissions.*

Commissions are given as a compensation for labor and responsibility; it is not a question of percentage.

Where two thirds of an estate of $21,782 consisted of stock and mort-

gages which were turned over to the heirs in kind without conversion, the commissions of the administrators were reduced from $1,100 to $650.

Argued April 17, 1900. Appeal, No. 88, April T., 1900, by Sarah A. Lowe, from decree of O. C. Westmoreland Co., Feb. T., 1898, No. 39, confirming auditor's report making distribution in the estate of John P. Fiscus, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J. W. W. PORTER, J., dissents.

Exceptions to auditor's report. Before McCONNELL, J.

It appears from the auditor's report that John P. Fiscus died intestate, and that letters were granted to Lewis E. Fiscus, son of decedent, and John Beatty, Jr., who filed an account. Sarah A. Lowe and other heirs of decedent filed exceptions to the account alleging that the administrators should have appraised and sold and charged themselves with the value of a four horse wagon, a traction engine, threshing machine, fodder cutter and chop mill, and wheat in the ground of the value of $1,700. Lewis E. Fiscus, one of the administrators, claimed the property as a gift from his father in his lifetime. Exception was also taken to commission charged by the administrators. An auditor was appointed, and a note in the sum of $1,000 was presented to the auditor by the said Lewis E. Fiscus. The auditor allowed the payment of the $1,000 note and reduced the commission from $1,100 to $500.

As to the personal chattel claimed by Lewis, the auditor held that the testimony of the accountants in establishing the ownership of the wagon was not sufficiently clear, full and precise, and consequently surcharged them with the value thereof, $80.00. He held that the testimony as to the engine and threshing machine showed that the decedent actually gave it to his son, but that the evidence of the chop mill only established one half ownership in Lewis.

Exceptions to the auditor's report were dismissed and Sarah A. Lowe appealed.

*Errors assigned* were (1) in finding from the evidence that there was sufficient evidence to establish a gift of the traction engine, thresher and clover huller to Lewis E. Fiscus. (2) In

615, (1900).]    Assignment of Errors—Arguments.

finding from the evidence that the testimony does not show undue influence in obtaining the $1,000 note, and that the decedent was not of unsound mind.    (3) In not finding from the evidence that there was not sufficient evidence to establish a gift of the traction engine, thresher and clover huller to Lewis E. Fiscus.    (4) In not finding from the evidence that the $1,000 note was without consideration, that it was obtained by undue influence at a time when the said John P. Fiscus was of unsound mind and that the note was therefore void and should not be allowed to participate in the distribution of the fund.    (5) In deciding as a matter of law that the facts found by the court establish a gift to Lewis E. Fiscus of the traction engine, thresher and clover huller.    (6) In deciding as a matter of law that the facts found by the court in regard to the $1,000 note is sufficient to allow it to participate in the distribution of the fund.    (7) In deciding as a matter of law that the administrators were entitled to five per cent commission on the Dunlap Coal and Coke Company stock and upon the Christman mortgage.    (8) In making the following decree: "And now April 29, 1899, the exceptions are dismissed and the report of the auditor is confirmed absolutely on the facts found by him and sufficiently warranted by the testimony."

*Geo. S. Rumbaugh*, for appellant.—Such gifts must be proved by evidence clear and satisfactory.    The dangerous character of such claims makes it necessary that the testimony be of the most convincing character: Fross's & Loomis's Appeal, 105 Pa. 258.

The law is especially solicitous and careful of old age: Potter's Est., 6 Pa. Superior Ct. 627.    If one party is of weak mind and there is no consideration, a presumption against the validity of the note arises; undue influence is presumed without proof of other circumstances: 27 Am. & Eng. Ency. of Law, 458.

Neither the testimony nor the facts found by the court are sufficient, under the law, to establish a gift: Scott v. Reed, 153 Pa. 14.

An executor is not entitled to commission on securities taken by the heirs in specie: Ziegler's Appeal, 4 Atl. 837; Montgomery's Appeal, 86 Pa. 230.

Commissions are given as a compensation for labor and responsibility: McCauseland's Appeal, 38 Pa. 466.

*V. E. Williams*, for appellee.—The Supreme Court will not reverse because the finding might have been the other way, if the evidence was sufficient to sustain the finding: Lewis's Appeal, 127 Pa. 127.

Five per cent is the ordinary commission of an executor who has carefully managed the estate: Gilpin's Est., 138 Pa. 143; Eshleman's Appeal, 74 Pa. 42.

OPINION BY BEAVER, J., May 24, 1900:

Three distinct questions are raised by the assignments of error. 1. Was the note of $1,000 executed by the decedent and given to his son, without consideration and obtained by undue influence, the decedent being at the time of weak or unsound mind? 2. Was. the evidence in regard to the gift of the traction engine, thresher and clover huller sufficient under the circumstances to establish a gift inter vivos? 3. Were the commissions charged by the administrators for the settlement of the estate of decedent under the peculiar circumstances excessive?

We will consider these questions in their order, briefly stating such facts in regard to each as are necessary to an intelligent understanding of them.

1. The claimant, the son of decedent, worked upon his father's farm for some ten years after he attained his majority, without any special contract as to wages. He lived in the family, was allowed by his father to raise a colt or a calf occasionally— seemed to be allowed the proceeds of a country coal mine upon the farm and had by special agreement the one half of the proceeds of the earnings of the thresher and clover huller for work done for the neighbors, so that at the time of the death of the decedent the son had some money at interest. There seemed to be in the mind of the father some recognition of the claim of the son for further compensation and, in view of the testimony, we think there was sufficient evidence to warrant the finding of the auditor that there was a valid consideration for the note.

The evidence in regard to the decedent's mental condition at the time the note was given was not very strong. It may be

doubted whether a court would have been justified in awarding an issue devisavit vel non upon it. Certainly a verdict sustaining the validity of a will would have been sustained upon it. The claimant, therefore, fairly invokes the rule in regard to the conclusiveness of a finding of fact by an auditor approved by the court.

2. This rule, however, cannot be successfully invoked in regard to the whole of the engine thresher and clover huller. In the claim to it the question is not, was there evidence—conflicting evidence—as to its ownership which makes the finding of the auditor and approval by the court conclusive, but was there sufficient evidence in law to support the finding? The effort is made to establish a gift inter vivos. In Fross's Appeal, 105 Pa. 258, where there had been a finding by an auditor and an approval by the court, the Supreme Court reversed the decree of the orphans' court, because the evidence was not sufficient to support the finding. Mr. Justice CLARK, in the opinion at page 267, says: "Nor can the claim be sustained as a gift inter vivos. A gift is a contract executed and must be accompanied with such a delivery of possession as makes the disposal irrevocable; the delivery must be according to the nature of the subject and the donor must in some form relinquish not only the possession but all dominion over it. Where these essential requisites are complied with, the gift is perfect and irrevocable. After the decease of the alleged donor, the transaction should be established by clear and satisfactory evidence." In Scott v. Reed, 153 Pa. 14, it was said: "But, where an alleged donor has been surrounded during his last sickness by the family and relatives of the alleged donee and the claimant has had opportunities to obtain possession of the subject of the alleged gift without title, the proof in support of the claim ought to be clear and satisfactory upon every point essential to title by gift." The dangerous character of such claims and the necessity of insisting upon the most convincing evidence in support of them was pointed out in Wells v. Tucker, 3 Binn. 366, and has been recognized in subsequent cases (Rhodes v. Childs, 64 Pa. 18), and tried by the standard here set up and uniformly adhered to. The evidence in regard to the one half of the thresher, etc., was not the clear and satisfactory character which is essential to the validity of such an alleged gift. It may be admitted that the testimony may be

sufficient to support the finding as to the ownership of the one half of this machine and that therefore the finding of the auditor confirmed by the court should be to that extent affirmed, but it is insufficient under the well-settled principles referred to to support the finding as to the remainder. One witness testified that the decedent told him that "the half of the machine belongs to Lew and of course I expect he will have it all some day." There was some evidence that the appellants claimed no more than the half of the machine. The scrivener, who wrote the will which was destroyed, says he was directed to insert a clause bequeathing the one half of the thresher to Lewis, the claimant, but this will was destroyed. Lewis's testimony was very properly excluded by the auditor but, if it had not been, it only added to the uncertainty. We are of opinion, therefore, that the administrators should be surcharged the amount of the one half of the value of this machinery at the time of the death of decedent. But what was its value? There is evidence of its cost when new but it had been used several years at the time of decedent's death, and it would be manifestly unfair to charge the administrators the cost or value of new machinery. We are unable to discover from the testimony what its real value was, and hence it will be necessary to refer the case back to the court below to find from evidence to be taken what the actual value of this machinery was at the time of decedent's death.

3. The charge of the administrators for services in settling the estate was $1,100. This, under ordinary circumstances, would not be excessive. But the administration of this estate and the distribution to and among the heirs was not attended with ordinary trouble and responsibility. The entire debit side of the account amounted to $21,782.73, which was increased by the finding of the auditor $110. Of this amount $14,075, consisting of stock and mortgage, were turned over to the heirs in kind, without conversion into money. The administrators assumed no risk and no responsibility in relation thereto. "Commissions are given as a compensation for labor and responsibility and, where neither the one has been performed nor the other incurred, there is nothing to be compensated: "McCauseland's Appeal, 38 Pa. 466. "But after all on all authority, it is a question not of percentage but of compen-

sation.  When the court has fairly responded to the interrogatory, how much has the trustee earned, it has discharged its whole duty in the premises: Montgomery's Appeal, 86 Pa. 230.  This was said as to an estate amounting in the aggregate to over $42,000, upon which the executors claimed a commission of five per cent, amounting to more than $2,000.  The auditor allowed $500, which allowance was overruled by the orphans' court awarding the amount originally claimed; this decree was reversed by the Supreme Court, which awarded the amount allowed by the auditor, upon the ground that the bulk of the estate passed to the residuary legatee at its appraised value in stocks and bonds.  In the present case it cost, deducting the amount of the stock and mortgage mentioned, including attorneys' fees, $1,250, to collect and distribute about $7,700 without any evidence of any unusual labor, care, risk or responsibility.  Under the circumstances, we regard $650 as a full and ample compensation for the administrators, which sum is allowed.  There was some evidence that one of the administrators agreed to settle the estate for less than the compensation allowed by law and, although an agreement to settle an estate for a specific sum may be enforced (Koch's Estate, 148 Pa. 159), in this case the testimony is very indefinite and such an agreement would not bind the coadministrator.  We have, therefore, not considered it as entitled to weight in influencing our conclusion.  The decree of the orphans' court, dismissing the exceptions to the auditor's report, as set forth in the third and seventh assignments of error, which are sustained, is, therefore, reversed and it is ordered that the administrators be surcharged the sum of $450, the excess of commissions over the amount herein allowed, together with the one half of the value of the traction engine, thresher and clover huller at the time of the death of the decedent; the record to be remitted to the court below to carry out the terms of this decree; the costs of this appeal to be paid by the appellees.

WILLIAM W. PORTER, J., dissenting:

I am unable to agree with the conclusion reached by a majority of the court in the matter of the commissions awarded the administrators.  They were allowed jointly by the court below $1,100, on an estate of about $22,000.  This it is conceded

would not under ordinary circumstances be excessive.    But it is said that the settlement of this estate was not attended with ordinary trouble and responsibility.    In support of the proposition it said that some $14,000 of the assets were not converted but distributed to the heirs in kind and that the administrators assumed no risk in relation thereto.    I am unable to see the soundness of this.    The administrators were bound by law and by the condition of their administration bond to conserve and distribute all of the assets of the estate.    The fact that they were willing to assume the responsibility of a distribution in kind before a judicial adjudication of their accounts, certainly did not diminish their liability, nor did it necessarily diminish their trouble.    From the facts before us, I would say that more than usual trouble was encountered in the settlement of the estate. The fact that there were questions of fact and of law in the way of a proper administration and distribution, of sufficient difficulty to entail hearings in several judicial tribunals resulting in differing conclusions, would in some measure rebut the view that less than usual trouble had been experienced and that therefore less compensation should be paid.

I am therefore of opinion that the action of the court below fixing the commissions should not be disturbed.