# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Union Trust Company of Pittsburgh *v.* Pittsburg-Buffalo Company.

*Corporations—Use of corporate property—Ultra Vires Act—Evidence—Insufficient evidence—Findings of fact—Appeals.*

While a mortgage issued by a corporation for the express purpose of raising funds to be used for the advantage of another corporation is invalid when the mortgagee is shown to have had knowledge of the purpose and to have consented to the wrongful use, a decree sustaining the validity of a mortgage will not be reversed where the court has found upon sufficient evidence that money loaned upon such security was not loaned with the understanding that it was to be applied by the borrower for a purpose other than its own legitimate corporate uses.

Argued May 25, 1915.    Appeal, No. 121, Oct. T., 1915, by John H. Jones, from decree of C. P. Allegheny Co., Oct. T., 1914, No. 1241, in equity, for defendants, dismissing exceptions to findings of fact and conclusions of law, in case of The Union Trust Company of Pittsburgh, Pa., v. Pittsburg-Buffalo Company, a Corporation of the Commonwealth of Pennsylvania; F. R. Babcock, John W. Ailes and John H. Jones, Receivers of the Pittsburg-Buffalo Company; United States Sewer Pipe Company, and the Potter Title & Trust Company,

trustee. Before MESTREZAT, ELKIN, STEWART, MOSCH-
ZISKER and FRAZER, JJ. Affirmed.

Bill in equity to foreclose a corporate mortgage.

The material facts as contained in the findings of
FORD, J., were as follows:

In the year 1909 John H. Jones and others obtained
options for the purchase of certain coal lands and for
the purpose of acquiring these organized, or were about
to organize, a corporation afterwards known as the Four
States Coal and Coke Company. In the same year John
H. Jones applied to the Union Trust Company, through
its president, for funds for the purchase of the coal
property, but these negotiations fell through.

By articles of agreement made April 21, 1910, between
the Pittsburg-Buffalo Company, John H. Jones and the
Union Trust Company of Pittsburgh, the coal company
agreed to deliver to the trust company on or before May
1, 1910, its collateral notes for $2,500,000 and as security
therefor to give a mortgage to the trust company in like
amount on its lands, etc., and as a further security 1,500
bonds of the par value of $1,000 each, of the Four States
Coal and Coke Company, secured by a mortgage upon
certain coal lands. By this agreement the Union Trust
Company agreed to purchase the said notes and to pay
$2,500,000 for the same in certain installments.

On April 29, 1910, the Pittsburg-Buffalo Company
executed and delivered to the plaintiff its mortgage
bearing that date and duly recorded, to secure an in-
debtedness of $2,500,000, evidenced by 25 promissory
notes made by the Pittsburg-Buffalo Company to its
own order and by it endorsed, each dated April 29, 1910,
for the sum of $1,000, and payable May 1, 1913, at the
office of the plaintiff. These notes were duly issued and
sold by the Pittsburg-Buffalo Company and before ma-
turity and for value were purchased by the plaintiff.

Subsequent to the making of the agreement between
the Pittsburg-Buffalo Company and the Union Trust

Company, John H. Jones and his associates transferred the options held by them on the coal lands to the Four States Coal and Coke Company. The coal and coke company purchased the properties and issued $3,500,000 of bonds secured by a first mortgage on its properties. The properties were not actually acquired by the Four States Coal and Coke Company, nor were the bonds issued until about November 1, 1910.

On July 30, 1910, the Four States Coal and Coke Company made and delivered to the Pittsburg-Buffalo Company its promissory note for $1,500,000, and from time to time the Pittsburg-Buffalo Company loaned or advanced various sums aggregating $1,254,500 to the Four States Coal and Coke Company, which advances were charged against the note.

On June 30, 1911, the Pittsburg-Buffalo Company surrendered to the Four States Coal and Coke Company for cancellation the $1,500,000 note, taking in exchange therefor the bonds aggregating $1,500,000, issued by the Four States Coal and Coke Company. Upon receipt of the bonds, about June 30, 1911, the Pittsburg-Buffalo Company transferred and delivered the $1,500,000 bonds to the Union Trust Company, as collateral security for the $2,500,000 loan.

The moneys received by the Pittsburg-Buffalo Company from the Union Trust Company and secured by the mortgage dated April 29, 1910, with the exception of a check for $300,000 were deposited by the Pittsburg-Buffalo Company to its credit in the bank or banks in which it carries its funds. The certificates of deposit representing the $300,000 were discounted by the Union Trust Company, a check was made to the order of and immediately endorsed by the Pittsburg-Buffalo Company to the order of the Four States Coal and Coke Company and by the coal and coke company endorsed and deposited to its credit in the Union Trust Company.

Excepting the sum of $300,000 mentioned in the foregoing finding, the moneys paid by the Pittsburg-Buffalo

Company to the Four States Coal and Coke Company were by check drawn by the Pittsburg-Buffalo Company against its moneys deposited in its name in certain bank or banks.

The Pittsburg-Buffalo Company made default in the mortgage dated April 29, 1910, on failure to pay taxes and also did not pay the principal of the notes when due and was in default in payment of interest on the notes.

Suit was brought for the foreclosure of the mortgage of April 29, 1910. In accordance with the findings the court entered a decree sustaining the bill and decreeing the sale of the property under the mortgage of April 29, 1910.

On exceptions to the findings of fact and conclusions of law, FORD, J., filed the following opinion, in part:

To the findings of fact and conclusions of law, the defendant, John H. Jones, one of the receivers of the Pittsburg-Buffalo Company filed a number of exceptions.

It was found as a fact that the moneys to secure which the mortgage sought to be foreclosed was given were loaned to the Pittsburg-Buffalo Company without any understanding or agreement whereby the moneys loaned should be applied to the uses and purposes of the Four States Coal and Coke Company, nor for any other than the proper corporate purposes of the Pittsburg-Buffalo Company, and as a question of law we concluded that the Pittsburg-Buffalo Company had full authority to make the mortgage in question, to secure an indebtedness created by it for the purpose of borrowing money and that the mortgage is a valid lien.

By the express terms of the agreement between the complainant and the Pittsburg-Buffalo Company, the money secured by the mortgage was borrowed by and loaned to the Pittsburg-Buffalo Company, nor is there anything in the conduct of the parties at or subsequent to the making of the agreement indicating that the complainant advanced the money with any understanding or agreement that the same should be used or applied in

any wise except for the proper corporate purposes of the Pittsburg-Buffalo Company.

A corporation has no power to use its property and credit unlimitedly to accomplish the charter purpose of another corporation and any contract for the latter purpose is void and not enforceable. Beach on Private Corporations, Section 421. And it may be that a mortgage securing funds to be used for such a purpose is void when the mortgagee is shown to have knowledge of the purposes and consented to the wrongful use. Here, however, the evidence is not sufficient to justify a finding that the moneys were loaned by the complainant upon any understanding or agreement that the moneys were to be applied by the borrower, the Pittsburg-Buffalo Company, in financing the Four States Coal and Coke Company. It may be true as is contended by exceptant that the cash resources of the coal company unless aided by borrowed money were insufficient to enable it to advance the Four States Coal and Coke Company the amount loaned, to wit, $1,500,000. But the inference sought to be drawn that the complainant knew and had full knowledge that the sum borrowed was to be used by the Pittsburg-Buffalo Company in financing the coal and coke company is not justified by the evidence.

The court dismissed the exceptions. John H. Jones, one of the receivers, appealed.

*Errors assigned* were in dismissing the exceptions.

*S. S. Robertson,* with him *Charles G. McIlvain* and *Wm. R. Murphy,* for appellant.

*J. H. Beal,* of *Reed, Smith, Shaw & Beal,* with him *Samuel McClay,* and *Robert J. Dodds,* for appellee.

PER CURIAM, July 3, 1915:

We have examined this record with care and are not convinced that there is any error in the findings of fact, and on those findings the decree is affirmed.