## The Pennsylvania Trust Company of Reading v. The Johnstown Printing & Lithographing Company. Appeal of Sterling Commercial Company.

- Argued April 16, 1928.

Before PORTER, P. J., HENDERSON,

TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Robert C. Hoerle,* for appellant, cited: Coleman's Assigned Estate, 200 Pa. 29; Union Ice Co. of Philadelphia v. Hulton, 291 Pa. 416; Cowan et al. v. Pennsylvania Plate Glass Co., 184 Pa. 1; Union Trust Company v. Pittsburgh-Buffalo Co., 251 Pa. 1; Ashhurst's Appeal, 60 Pa. 314; Manhattan Hardware Co. v. Roland, 128 Pa. 119.

*A. Lloyd Adams,* for appellant, cited: Schmidt v. Burns, Fleming & Company, 67 Pa. Superior Ct. 449; Schmidt v. Potter Title & Trust Company, 61 Pa. Superior Ct. 301; Landell's Appeal, 105 Pa. 152; Clark v. Douglass, 62 Pa. 415.

OPINION BY KELLER, J., July 12, 1928:

This appeal arises out of the distribution of the proceeds of a sheriff's sale of the real estate of the Johnstown Printing & Lithographing Company, hereinafter called Johnstown Company. Appellant was the holder of a second mortgage on the real estate sold, in the principal sum of $12,000. The mortgage was discharged by the sale, and in the schedule of distribution filed by the sheriff provision was made for the payment of the full principal sum of this mortgage with accrued interest. Exceptions were filed to the schedule by Johnstown State Deposit Bank, a subse-

quent judgment creditor, on the grounds, inter alia, that appellant's mortgage for $12,000 included $2,000 never actually lent to the Johnstown Company, and credit had not been allowed for payments on the principal aggregating $2,250; and that payment to appellant of the full sum of $12,000 on said mortgage would be a fraud on the subsequent lien creditors of the execution debtor. Credits to the amount of $1,750 were then admitted and a sum of money sufficient to cover the controverted matters was paid into court and an auditor appointed to pass upon exceptions filed to the sheriff's distribution and to report distribution of the fund to the court.

At the hearing before the auditor it developed that included in the mortgage money of $12,000 was a check of appellant for $1,862.74, payable to the order of Johnstown Company which was immediately endorsed by the manager of said company, "For deposit only to the credit of Sterling Commercial Co., Inc.," and turned back to appellant, and was used by it in payment of the individual indebtedness to it of John H. Cooney, president of the Johnstown Company. No corporate warrant or authority of the Johnstown Company was produced for this action, and unless it was shown that the corporation received and retained the benefit of the transaction, amounting to a ratification, it was a fraud, not only on the corporation but also on its creditors, and having been actively participated in by the mortgage creditor, fully warranted the auditor in reducing the award to the appellant by the amount thus improperly included in the mortgage.

It was endeavored to be shown that the Johnstown Company was indebted, at the time, to Cooney in an amount in excess of $1,862.74, and that a note of the Company payable to him for $2,900 had been given appellant as collateral for Cooney's indebtedness to it. The secretary and treasurer of appellant company did not so testify however; and the auditor was not bound

to believe Cooney's evidence. There were many circumstances to discredit it. The auditor found that the Johnstown Company was not actually indebted to Cooney at the time the mortgage was given to appellant, and the lower court has approved the finding. Whether this be a finding of fact, with the force and effect of a verdict of a jury (Barnes' Est., 221 Pa. 399), or, as appellant contends, an inference or conclusion from other facts reported by him which is subject to revision and correction by this court, makes little difference in the circumstances of this case, for we agree with the auditor that the indebtedness of the Johnstown Company to Cooney at the date of the execution of the mortgage was not established. In addition to the matters referred to by the auditor as justifying his finding or conclusion, which need not be here stated, we think it significant that no credit for $1,862.74 appears on the note for $2,900 which Cooney testified was held by appellant as collateral for his individual indebtedness to it, or on the books of the company. We put no credence whatever in his testimony; it was too effectually discredited.

It was proved that the indebtedness due the Johnstown State Deposit Bank antedated the appellant's mortgage. Its right to question the distribution on appellant's mortgage in this proceeding is established by the decisions in Clark v. Douglass, 62 Pa. 408, 415; Dougherty's Est., 9 W. & S. 189, 196; Campbell v. Sloan, 62 Pa. 481; Thompson's App., 57 Pa. 175; Appeal of Second National Bank, 85 Pa. 528; Hogan's Est., 181 Pa. 500, 515, 518; Union Trust Co. v. Pittsburgh-Buffalo Co., 251 Pa. 1, 5. The auditor's ruling did not affect the mortgage as respects the sum actually due appellant: Gordon v. Preston, 1 Watts 385, 388.

No error was committed in permitting the exceptant to file an additional and specific exception to appellant's right to receive $1,862.74 of the principal of its

mortgage after the facts relating to the check for that amount had been given in evidence: Koch's Est., 148 Pa. 159; Donnan v. Barnes, 272 Pa. 33; Landell's App., 105 Pa. 152, 155; Tindle's App., 77 Pa. 201. It was germane to the proceeding, and to have refused would have worked injustice and inequity.

The decree is affirmed at the costs of the appellant.