## John McCune *v.* Robert McCune.

## Appeal of John Fullerton, Admr. of Wm. Fullerton.

*Sheriff's sale—Distribution—Judgments—Satisfaction—Mistake—Priority of lien—Equitable rights.*

In the distribution of a fund raised by a sheriff's sale of real estate, a prior lien will be postponed to a junior lien when it is necessary to do justice to the holder of the junior lien " according to law and equity," otherwise the order of priority will be followed.

Where. the owner of a senior judgment satisfied the judgment by mistake, and the court subsequently struck off the satisfaction from the record, the judgment will not lose its priority of lien over junior judgments in existence at the time the satisfaction was entered, and which have in no manner been prejudiced either by the entry of the satisfaction, or by the action of the court in striking it off.

In such a case, if a person enters a judgment while the rule to strike off the satisfaction is pending, and if it should appear that he was misled by

the entry of satisfaction, and had advanced money, or given credit to the defendant upon the state of the record, then an equitable right to priority over the satisfied judgment might be asserted; but the existence of such a right would not affect the intermediate judgments.

In such a case the equitable right of the owner of the last judgment could not be asserted against the senior judgment unless the fund was large enough to pay the intermediate judgments which had priority of lien. If the fund was large enough to pay the intermediate judgments, and leave a surplus that would have gone to the junior judgment, if the senior judgment had been actually paid, the owner of the junior judgment might have such surplus applied to his lien as against the senior judgment.

Argued Oct. 3, 1894. Appeal, No. 109, Oct. T., 1894, from order of C. P. Westmoreland Co., Nov. T., 1893, No. 181, Fi. Fa., distributing fund arising from sheriff's sale of real estate. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to report of Jesse Cunningham, Esq., auditor distributing fund raised by sheriff's sale of real estate.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to the auditor's report, alleging error in not awarding distribution to the Fullerton judgments and costs.

*John Latta*, for appellant.

*Denna C. Ogden*, *S. A. Kline* and *Alex. Eicher* with him, for appellee, cited: Crouthamel v. Silberman, 1 W. N. 131; Schnitzler v. Hammill, 1 W. N. 471; Wagner's Ap., 98 Pa. 77; Kerr's Ap., 104 Pa. 282; Ridgway, Budd & Co.'s Ap., 15 Pa. 177; Harner's Ap., 94 Pa. 489.

OPINION BY MR. JUSTICE WILLIAMS, Nov. 12, 1894:

Fullerton, the appellant, was the holder, in April, 1889, of three judgments against the defendant, which were at that time the only liens upon the real estate sold by the sheriff in this case. Afterwards and before the 13th day of March, 1893, five other judgments were entered against the same defendant amounting together to about eighteen hundred dollars. The judgment of John McCune on which the real estate was sold

was one of these. On the 13th day of March, 1893, as part of an arrangement for the sale of the real estate to Baker, the appellant made an entry of satisfaction on the record of each of his judgments. The arrangement for the sale was not consummated and nothing was paid to Fullerton on his judgments. He afterwards obtained a rule on the defendant to show cause why the entry of satisfaction should not be stricken off, and on the 4th day of November, 1893, the rule was made absolute, with a proviso " that the rights of other lien creditors should not be impaired." Pending this rule Charles McCune, a son of the defendant, entered a judgment against his father for two hundred and sixty-eight dollars.

The sale by the sheriff took place on the 18th of November, 1893, and realized seven hundred and thirty dollars. This is the fund for distribution. The general rule is that liens are entitled to payment in the order of their priority, but it is alleged that this rule has been modified in this case by the erroneous entry of satisfaction by Fullerton on his judgments. We are to inquire therefore into the effect of that entry and the order of the court by which it was stricken off, upon the rights of the holders of junior judgments, and upon the rights of Charles McCune, whose judgment was entered after the entry of satisfaction and before the order of the court striking it off. It should be borne in mind that distribution requires an adjustment of the equities between the claimants and must be made " according to law and equity : " Tindle's Appeal, 77 Pa. 201 ; Landell's Appeal, 105 Pa. 152. A prior lien will be postponed to a junior when this is necessary to do justice to the holder of the junior lien, otherwise the order of priority will be followed. The five lien creditors whose judgments were entered while the judgments of the appellant were standing in full force, and before the entry of satisfaction was made upon them, have not been misled by the appellant's mistake in entering satisfaction upon them. They have not suggested any reason for supposing that they have been prejudiced in any manner by his act or by the order of the court relieving him from it. They show no intervening rights acquired while the judgments appeared on the record to be satisfied. They have therefore no equity to set up against the appellant that ought in good conscience to deprive him of the benefit of the correc-

tion of his mistake in making the entry of satisfaction in advance of payment. His judgments were in full life when theirs were obtained and when the sheriff's sale was made, and we can see no reason why he is not entitled to the benefit of his priority of lien.

The case of Charles McCune stands on somewhat different ground. His judgment was entered pending the rule to strike off the entry of satisfaction, and if it should appear that he was misled by the entry, and had advanced money or given credit to the defendant upon the state of the record, then an equitable right to priority over the satisfied judgment might be asserted. But if the existence of such a right be shown it could not affect the intermediate judgments. They were in full force, and Charles McCune had notice by the record of their priority, and amount, when his own judgment was entered. He cannot be paid out of the fund until these judgments are first satisfied. How then can his equitable right against Fullerton be enforced? It cannot be unless the fund is large enough to pay the judgments that have priority over him; and in that case as Fullerton is entitled to priority over these intermediate judgments, the fund must be distributed to the liens in their order beginning with those of Fullerton. But if the fund is large enough to pay the intermediate judgments and leave a surplus that would have gone to McCune if Fullerton's judgments had been actually paid, as they appeared to be, McCune may ask the application of the surplus to his lien as against Fullerton. Let us suppose for purposes of illustration that the fund was two thousand dollars, and the liens were twenty-two hundred, divided as follows : Fullerton, three hundred dollars, intermediate liens sixteen hundred dollars, McCune three hundred dollars. The order of appropriation, following the order of the liens, would give Fullerton three hundred dollars, the intermediate judgments sixteen hundred, leaving one hundred dollars only for McCune. But as between McCune and Fullerton, the former, if his equitable right of priority be established, is entitled to take from the latter so much of the money awarded to him as may be necessary to pay the balance of his judgment. The result would be that two hundred dollars of the money appropriated to Fullerton would be transferred to McCune and his judgment would be paid in full, and that but one hundred

dollars would remain applicable to Fullerton's judgments. If we suppose the fund to be sixteen hundred dollars or less, this would all be required to pay the intermediate judgments of which McCune had notice, and he would have no claim on the fund; while Fullerton having priority over these creditors would have a right as against them to the benefit of his position as the holder of the first liens, and the money so awarded to him would not be affected by McCune's equity.

The decree of the court below is now reversed, and the record remitted that distribution may be made in accordance with this opinion. The costs to be paid by the appellees.