# Thomas, Appellant, *v.* Equitable Building & Loan Association.

*Husband and wife—Married women—Mortgage—Purchase money mortgage —Waiver of priority of lien—Principal and agent.*

Where a married woman accepts a purchase money mortgage containing a covenant waiving the priority of lien of the mortgage in favor of a mortgage executed on the same day by the purchaser, and it appears that the transaction was the result of an agreement between the husband of the married woman, and the mortgagee, in the mortgage executed by the purchaser, and that the husband was fully authorized to act as agent for his wife in the premises, the wife will not be relieved of the covenant of waiver contained in her mortgage.

Argued March 13, 1906.   Appeal, No. 43, Oct. T., 1906, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1904, No. 604, dismissing bill in equity in case of Margaret Thomas v. The Equitable Building & Loan Association, the Farmers' & Mechanics' Savings Fund & Loan Association and the Commonwealth Trust Company.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Bill in equity for an account and an injunction.

OVER, J., of the orphans' court specially presiding, filed the following opinion:

Margaret Thomas, the plaintiff, being the owner of unimproved land in the Twenty-first ward, Pittsburg, agreed to sell a part thereof to Louisa Adams, for $8,600, $8,000 of the purchase money to be secured by mortgage on the premises.   One of the purposes of making the sale was to have the property improved, and before it was consummated, David Thomas, the husband of the plaintiff, and W. L. Adams, the purchaser's husband, arranged with the Farmers' & Mechanics' Savings Fund & Loan Association that it should lend Mrs. Adams $6,600, secured by mortgage on the premises, $6,000 of this sum to be paid out as the houses to be built thereon progressed. Mrs. Thomas and husband executed a deed to Mrs. Adams on April 15, 1902, and Mrs. Adams and her husband, a mortgage

to Mrs. Thomas to secure the balance of the purchase money, $8,000, which contained a clause providing that the mortgage given at the same time by Mrs. Adams to the Farmers' & Mechanics' Savings Fund & Loan Association should be a prior lien. These papers were delivered at the same time, the mortgage to Mrs. Thomas being left with C. L. Stevenson, the attorney of the association, who did not file it for record until November 6, 1902. A contract was made by Mrs. Adams for the erection of three houses on this property, and the association advanced money on the Adams mortgage as the houses progressed; one of them was nearly completed when, owing to the failure to make sale of the house and insufficiency of funds, the work stopped, and finally the Farmers' & Mechanics' Savings Fund & Loan Association obtained judgment and issued execution. against Mrs. Adams for the collection of the mortgage debt, purchased the property, finished the buildings, and now holds the title thereto.

Mrs. Thomas alleges that the association retained the mortgage given by Mrs. Adams to her with the intent to defraud her, that the clause in it giving a priority of lien to the association mortgage was fraudulently inserted without her knowledge and consent, and prays for equitable relief.

She testified that she had no knowledge that the lien of the mortgage to her was to be postponed or was postponed to the lien of the Adams mortgage given to the association, and there is no evidence contradicting her. But there can be no doubt from the evidence that her husband agreed with the association that its mortgage should be a prior lien, and that the clause was inserted in the mortgage, given to Mrs. Thomas by Mrs. Adams, with his knowledge and consent, and it also appears clearly that he acted as agent for his wife in the whole transaction.

As the property did not sell for enough to pay the association mortgage, no damage has resulted from the delay in recording the Adams mortgage to Mrs. Thomas, and it is not necessary, therefore, to decide whether the association is responsible for Mr. Stevenson's delay in recording it.

The demurrer filed by the Equitable Building & Loan Association, one of the defendants, having been sustained, the bill as to it was dismissed, and it is conceded that it should be

also as to the Commonwealth Trust Company of Pittsburg, another of the defendants.

On exceptions, OVER, J., filed the following opinion:

The equities of this case are clearly with the Farmers' & Mechanics' Savings Fund & Loan Association, the defendant. The plaintiff conveyed to Mrs. Adams, property for $8,600, an inflated price, taking mortgage for $8,000, fully the market value of the land. The vendee, who was merely a figurehead in the transaction and never paid a penny on account of the purchase money, then entered into a no-lien contract with an irresponsible contractor for the erection of three houses on the lots. The purpose seems to have been to improve them at the expense of credulous material-men and subcontractors, so that the plaintiff should not in any event be liable for their claims. It was necessary, however, to have some money to carry out the project, and plaintiff's husband, who acted as her agent in the whole transaction, undertook to raise the money by negotiating a mortgage of Mrs. Adams on the property with the defendant. The lots were then subject to prior liens and defendant's officers would surely have been very negligent had they not required that the lien of the purchase money mortgage given by Mrs. Adams to the plaintiff should be postponed to the lien of its mortgage. As a condition precedent to making the loan, they required that it should be so postponed; the plaintiff's husband as her agent assented to this and it was so provided in the Adams mortgage; and whilst there is no direct evidence contradicting the plaintiff's testimony that she did not know that this provision was incorporated in the mortgage, the probabilities are she did. The defendant then advanced its money on the mortgage, Mrs. Adams's irresponsible contractor abandoned his contract before finishing any of the houses, she was unable to complete them and the defendant to protect itself was compelled to purchase the liens prior to its mortgage, bid in the property at a sheriff's sale, finish the houses and settle with creditors, who had filed mechanics' liens against the buildings, at fifty per cent of their claims. At the hearing of this cause it was contended by counsel for the plaintiff that as there had been a no-lien contract for the construction of the buildings, the mechanics' lien creditors could

not collect their claims, and that therefore the payments made to them by the defendant were in fraud of plaintiff's rights ; when in point of fact, if there was a fraud perpetrated, it was in not paying them in full. Although the mortgage to the defendant was given by Mrs. Adams, it was made and the money advanced for the plaintiff's benefit; she was virtually the debtor; and as she did not pay the debt, and the defendant was compelled to purchase the property to protect itself, she has no legal or equitable claim to it.

None of the material exceptions to the findings of fact are sustained by the evidence, and are therefore all dismissed, as well as the exceptions to the conclusions of law.

*Error assigned* was the decree of the court.

*Schoyer & Hunter*, for appellant.—An agency to deal with a wife's separate estate will not be implied where such dealing is detrimental to the wife, and is carried on without her knowledge or consent: Saunders v. King, 119 Iowa, 291 (93 N. W. Repr. 272); Gerhab v. Ruth, 2 Pennypacker, 250 ; Creighton v. Keith, 16 Phila. 130 ; Bevan v. Thackara, 143 Pa. 182.

This case is essentially different from the class of cases in which the court has inferred an agency, where the wife procured the benefit of such agency. It is the difference between the implication of an agency to preserve and create, and the implication of an agency to destroy.

*J. M. Stoner*, with him *C. L. Stevenson*, for appellee, cited: Early v. Rolfe, 95 Pa. 58; Mack Paving Co. v. Young, 166 Pa. 267 ; Bauck v. Swan, 146 Pa. 444.

PER CURIAM, May 14, 1906:

Decree affirmed on the opinions of the court below.