## Young, to use, *v.* Brady. Scott's Appeal.

*Sheriff's sales — Proceeds — Distribution — Auditor—Claim for liquidated damages—Breach of contract of sale—Jurisdiction.*

1. An auditor appointed to make distribution of the proceeds of a sheriff's sale has jurisdiction to consider and allow out of moneys awarded to a lien creditor a claim against the latter for damages growing out of his breach of a contract for the sale of the property to claimants, where claimants are properly brought in as parties to the record, and where the amount to which they are entitled, if anything, is not in dispute.

2. In such a case, it is not error to award such claimant an amount as liquidated damages, where it appeared that the lien creditor had entered into an agreement to sell the premises, against which he held a judgment on a second mortgage, and of which he expected to become owner through a sheriff's sale; that thereafter he renewed the agreement, which was to be consummated by a purchase at sheriff's sale on the first mortgage; and that upon his failure to do so the claimants were compelled to purchase the property.

Argued May 20, 1915. Appeal, No. 116, Jan. T., 1915,

by Forrester H. Scott, executor, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1912, Nos. 4239 and 4240, consolidated, dismissing exceptions to auditor's report in the case of Charles A. Young, to the use of George B. McCracken, v. John S. Brady and James W. Draper. Before BROWN, C. J., POTTER, ELKIN, MOSCHZISKER, and FRAZER, JJ. Affirmed.

Rule to pay the proceeds of a sheriff's sale of real estate into court. Exceptions to report of Benjamin Daniels, Esq., Auditor. Before BREGY, P. J.

The facts appear by the opinion of the Supreme Court.

The court dismissed the exceptions. Forrester H. Scott, executor, appealed.

*Error assigned* was in dismissing the exceptions.

*Forrester H. Scott,* with him *Henry J. Scott,* for appellant.

*Dwight M. Lowrey,* with him *John Connell,* for appellees.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915.

This is an appeal by Forrester H. Scott, Executor of John H. Scott, from the decree of the lower court awarding to John S. Kane and George Connell the sum of $1,856.40 out of the portion of the fund awarded to Scott in the preceding case. Scott entered into an agreement with Kane dated December 18, 1912, to sell to him the premises out of which the fund in dispute arose. Scott was not the owner of the property at the time, the title being held by James W. Draper, appellant in the preceding case, who made advances on account of the carrying charges and took title in his own name in 1911. Scott was holder of a junior mortgage against the property which he had reduced to judgment and ex-

pected to become owner through a sheriff's sale under the judgment. The purchase-price under the agreement was $28,699, $250 being paid at the time of its execution. Scott bought the property at the sheriff's sale which followed and upon a Title Insurance Company, to which application was made, refusing to insure the title, Scott thereupon agreed with Kane to purchase the property at the sale under foreclosure proceeding on the first mortgage and transfer to Kane the title so acquired and thus perform his contract of sale. Pursuant to this agreement, Scott became the purchaser of the property for the sum of $27,600, but subsequently failed to complete the purchase. A resale being ordered, Scott again agreed to purchase and complete his contract, on the strength of which promise Kane advanced a further sum of $250. At this sale Scott failed to bid, and to protect themselves Connell and Kane bought the property in, paying therefor the sum of $30,000. They now claim the difference between this price and the sum at which Scott agreed to sell to them, plus the $500 paid on account. The auditor in distributing the proceeds of the sale, after appropriating a sufficient sum to satisfy the first mortgage, awarded the balance to Scott, (see preceding case) and directed that out of this balance the sum of $1,857.30 should be paid to Connell and Kane as damages for Scott's breach of the contract. From this decree Scott appealed.

Appellant contends that under the agreement he is relieved from the payment of damages for breach of contract by the clause therein which provides "In consideration of any possible imperfection of title of the said first parties to the above premises that the party of the second part, his heirs or assigns, should have no recourse against the said first parties, either at law or equity for specific performance of this agreement, or any part thereof, nor any action for damages beyond the sum of one dollar, which is agreed to by the parties to this agreement to be the amount of damages sustained

by the second party, their heirs and assigns, by reason of any breach of this agreement, and the return of the earnest money paid on account." While this language is undoubtedly sufficient to relieve appellant from liability if nothing further had been done subsequent to the Title Insurance Company refusing to insure the title, it is clearly established there was a further and later agreement by appellant to purchase the property at sheriff's sale on behalf of his vendees and in that way perform his contract and convey to them a good and marketable title. This agreement he performed to the extent of bidding at the first sale under the mortgage when the property was knocked down to him. He failed, however, to complete his purchase at that sale and take title and again promised to bid at the resale and secured an additional $250 from Kane on the strength of such promise. By failure to bid at the sale he committed a breach of his supplemental agreement, whereupon Connell and Kane decided to protect themselves by buying the property in. The court below was right in holding Scott's act in failing to perform his agreement to give a good title to the property when he had an opportunity to do so made him liable for damages. It is contended Connell and Kane made no tender of the balance of the purchase-money nor a demand for the performance of the contract. The rule that a demand is a prerequisite to a recovery in such case does not apply here; since it was not within the power of appellant to perform a demand was not necessary. Appellant further argues that Connell and Kane are without standing to claim payment of their damages out of the fund for distribution, the claim being against appellant personally and not against the fund itself. The record shows a rule was taken by Connell and Kane to show cause why they should not have leave to intervene in their own interest before the auditor. This rule was made absolute by the court. They were accordingly properly before the court. The amount to

which they are entitled, if anything, is not disputed. The question is not therefore, one of adjustment of an unliquidated claim, but solely one as to the right to recover under the admitted facts of the case.

Under the Act of June 16, 1836, P. L. 755, section 86, 2 Purd. 1580, pl. 149, the distribution of the proceeds of a sheriff's sale is to be made "according to law and equity." Under this act in Kelly's App., 16 Pa. 59, it was held an accounting between partners would be considered to properly distribute the remaining proceeds of partnership land sold on execution. In Crouse's App., 28 Pa. 139, the purchaser under a written agreement, which the vendor was unable to carry out by reason of a defective title, purchased a lien against the property and had the premises sold under this lien, becoming the purchaser for a sum in excess of prior liens and in excess of the contract price. The court held this surplus belonged to the purchaser. It was said by Mr. Justice Lowrie (p. 143) : "It is argued that by having the land sold he abandoned or extinguished the contract but that depends upon an intention that nowhere appears and upon the right to abandon which does not seem to us to have existed. The embarrassments to the perfecting of the title are sufficient to account for and justify this mode of perfecting it or getting clear of it by a sheriff's sale and prohibit us from treating this act as an abandonment of it." Souder's App., 57 Pa. 498, also holds that an auditor in making distribution of funds may consider not only the lien but also the question who is entitled to receive the money. Connell and Kane were not strangers to the title but equitable owners of the property under their agreement of sale. Being equitable owners and properly brought in as parties to the record, they had a right to present their claim upon the fund derived from the proceeds of the sale, payable to their vendor, and receive out of the amount their loss sustained by reason of the failure of their vendor to give title. The mere

fact that they themselves were the purchasers at the sale makes no difference in the result.

The appeal is dismissed.