# Gosser v. Yohn.

*Execution—Distribution—Order of liens—Act of April 10, 1862, P. L. 364.*

Under the Act of April 10, 1862, P. L. 364, the order of liens as they appear of record is prima facie the correct order for the distribution of the proceeds of a sheriff's sale of real estate. A person objecting to the order must produce evidence that he is equitably entitled to priority, otherwise the order will not be changed.

Where a person executed a second mortgage and the same is recorded, and thereafter delivers to the mortgagee a promissory note of the same amount as the bond covered by the second mortgage, because the mortgagee tells him that he cannot negotiate the mortgage without such note, and the mortgagee sells the note to a trust company, and afterwards assigns the bond and mortgage to a second trust company, and neither company had notice of the existence of the other evidence of indebtedness when their respective transactions occurred, and judgment is entered on the note of the first company after the mortgage was assigned of record to the second company, the judgment on the note will not be given priority over the second mortgage in the distribution of a fund raised by a sale of the real estate, in foreclosure proceedings under the first mortgage.

In such a case there is only one debt, and that is evidenced by the bond accompanying the second mortgage. The transfer of the promissory note was not a transfer of the bond and mortgage, and the assignee of the mortgage took it free from any equitable defense the mortgagor had.

Argued May 2, 1917. Appeal, No. 179, April T., 1917, by Pittsburgh Trust Company, from order of C. P. Allegheny Co., Oct. T., 1916, No. 382, dismissing exceptions to sheriff's return in case of Mary A. Gosser v. Elmer E. Yohn. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to sheriff's return.

From the record it appeared that the fund for distribution arose from the sale of certain real estate in fore-

522 . GÓSSÉR *v.* YOHN.

Assignment of Error—Opinion of the Court. [67 Pa. Superior Ct.

closure proceedings under a first mortgage. The opinion of the Superior Court states the facts.

*Error assigned* was in dismissing exceptions to sheriff's return.

*Alexander C. Tener,* for appellant.—The assignment or transfer of a debt, for the payment of which a mortgage has been given as collateral security, whether the debt is evidenced by a promissory note or other instrument, amounts to an assignment of the mortgage and vests the equitable title thereto in the assignee: Craft to use v. Webster, 4 Rawle 241; Betz v. Heebner, 1 P. & W. 280; Roberts v. Halstead, 9 Pa. 32; Moore v. Cornell, 68 Pa. 320; DuBois' App., 38 Pa. 231.

One who takes an assignment of a mortgage given as collateral for a debt, though in good faith to secure the debt of the assignor but without inquiring of the mortgagor, without taking an assignment of the principal debt, has only such title as his assignor had and must hold the mortgage, as his assignor was holding it, as trustee for the owner of the principal obligation: Myerstown Bank v. Roessler, 186 Pa. 431; Theyken v. Howe Machine Co., 109 Pa. 95; Morgan's App., 126 Pa. 500; Geiger v. Peterson, 164 Pa. 352; Sellers v. Benner, 94 Pa. 207; Reineman v. Robb, 98 Pa. 474; Wilson v. Ott, 173 Pa. 253.

*A. S. Moorhead,* of *Dunn & Moorhead,* for appellee, cited: Douglass' App., 48 Pa. 223; Indiana County Bank's App., 95 Pa. 500.

OPINION BY WILLIAMS, J., July 13, 1917:

This was a case stated to determine which of two lien creditors is entitled to the surplus remaining after the satisfaction of a first mortgage lien upon a foreclosure sale.

June 2, 1913, one Lewis sold a property to Yohn, who,

July 7, 1913, gave Mary Gosser a first mortgage thereon for $2,800. July 12, 1913, Yohn gave Lewis a second mortgage for $1,350, which was recorded October 15, 1913. Between July 12th and 15th, Yohn, upon a statement by Lewis that the mortgage could not be negotiated without it, gave Lewis a promissory note for $1,350 (the amount of the mortgage) which he sold to appellant July 15, 1913. Various payments were made by Lewis upon this note, reducing it to $855. May 6, 1914, the second mortgage was assigned of record to the Real Estate Savings and Trust Company of Allegheny as collateral security for $1,175 borrowed by Lewis. Yohn had no notice of this transaction. Neither trust company had knowledge of the existence of the other evidence of indebtedness when their respective transactions occurred. The Pittsburgh company took judgment on its note October 6, 1916. The sheriff, in his schedule of distribution, assigned $499.41, the balance in his hands after satisfying the first mortgage, to the Real Estate company on account of the second mortgage, it having priority in date according to the list of liens certified to him.

Did the court below properly hold that the second mortgage lien had priority over the judgment upon the note?

Appellant's argument is based upon the proposition that the bond and mortgage were given as collateral to the note; that as they were accepted without a declaration of no set-off from the mortgagor, they were taken subject to any equitable defense he had; and that the transfer of Yohn's promissory note to the Pittsburgh company was a transfer of the collateral security, to wit, the bond and mortgage, in so far as the right to enforce the debt existed.

We may concede that the assignee of the mortgage took it subject to any equities which Yohn had, but we cannot agree that the note was the evidence of the particular debt secured by the property out of which the

present fund arose.  There was only one such debt created, and that was evidenced by the bond accompanying the mortgage.  As the mortgagor had no notice of the assignment, he might have defended pro tanto as to the amount paid by him on account of the mortgage, but the fund in the hands of the sheriff was less than the amount still due, and the Pittsburgh company could not establish any right to the fund upon Yohn's equities.

Under the Act of April 10, 1862, P. L. 364, the order of liens as they appear of record is prima facie the correct order.  The burden of proof is upon the exceptant. If it can produce evidence that it is equitably entitled to priority, the order of payment will be changed: Young v. Brady, 250 Pa. 584.  We cannot, however, discover any legal or equitable reason why the exceptant should have priority.  It must gain it upon the strength of its own right and not upon the weakness of the prior record lien holder.  Its note was an ordinary promissory note so far as the case stated informs us, and was not taken as representing any mortgage debt.

The decree is affirmed.