## Donnan, Appellant, *v.* Barnes.

*Execution—Sheriff's sale — Distribution — Subrogation — Judgment—Maxims—In fictione juris, etc.—Appeals—Parties.*

1. In distributing a fund realized at sheriff's sale, the party entitled thereto must make his own claim and must himself appeal,

if the decision be against him; one to whose right he claims to be subrogated, but who has no personal interest, cannot properly claim the fund or appeal from the decree of distribution.

2. The court of common pleas, by virtue of whose process a sale is had, is required to determine what amount is due on judgments alleged to be entitled to any part of the proceeds, even though they may have been entered originally in the courts of some other county.

3. All such distributions must be made according to law and equity, hence the fund cannot be awarded to one not equitably entitled to receive it.

4. One who alleges he is entitled to subrogation, must show that in equity and good conscience it should be allowed.

*Promissory notes—Endorsements—Priorities—Burden of proof.*

5. Ordinarily the endorsers on a note are liable in the order of their endorsements; he who asserts the contrary has the burden of proving the facts from which such a conclusion can properly be drawn.

Argued October 4, 1921.    Appeal, No. 203, Oct. T., 1921, by plaintiff, from decree of C. P. Greene Co., June T., 1919, No. 13, sustaining exceptions to auditor's report, in case of John W. Donnan v. James R. Barnes. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Exceptions to report of A. H. Sayers, Esq., auditor on distribution of proceeds of execution.

The opinion of the Supreme Court states the facts.

Exceptions sustained.    Plaintiff appealed.

*Error assigned* was order, quoting it.

*W. J. Sturgis,* with him *S. J. Morrow* and *Dean D. Sturgis,* for appellant.—The lien obtained by the filing of the transcript of the judgment from Washington County was the second lien and prior to the lien of all other judgments: DeWitt's App., 76 Pa. 283; West Branch Bank v. Chester, 11 Pa. 282; Hartz v. Woods, 8 Pa. 471; McCall v. Lenox, 9 S. & R. 302; Morris v. Campbell, 186 Pa. 589.

The Common Pleas of Greene County had no jurisdiction to inquire into alleged payments: Brandt's App., 16 Pa. 343; King v. Nimick, 34 Pa. 297; Nelson v. Guffey, 131 Pa. 273; Lehigh, etc., R. R. Co. v. Hanhauser, 222 Pa. 248.

The exceptants failed to sustain their allegation that any part of the judgment was paid either before or after its entry: Lennig's App., 93 Pa. 301; McPherran's Est., 212 Pa. 432; Shrewsbury's Savings Inst. App., 94 Pa. 309; Peterson v. Lothrop, 34 Pa. 223; Guaranty T. & S. D. Co. v. Powell, 150 Pa. 16.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *W. J. Kyle,* of *Kyle & Reinhart, A. F. Silveus* and *A. C. Hagan,* for appellee.—The court had jurisdiction and there was no collateral attack on the judgment: Skidmore v. Bradford, 4 Pa. 296; Jones v. Dilworth, 63 Pa. 447; McCann v. Farley, 26 Pa. 173; Templeton v. Shakley, 107 Pa. 370; Gordon's App., 93 Pa. 361.

Appellees sustained the claim that plaintiffs had been paid and any person claiming under the judgment in the right of Donnan must appear and show his interest: Peterson v. Lothrop, 34 Pa. 223.

Robinson was not a party to the record.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

On a writ of levari facias, based on a judgment recovered on foreclosure of a first mortgage on defendant's property, in Greene County, Pennsylvania, it was sold by the sheriff, who made a special return, under the Act of June 4, 1901, P. L. 357, setting forth that after payment of the costs, taxes and expenses, there remained in his hands the sum of $244,997.93, for which he had taken plaintiff's receipts, one for $134,179.48 in full for debt, interest and costs of said first mortgage, and the other for $110,818.45 on account of debt, interest and costs of a second mortgage for $85,000, also held by plaintiff. Exceptions were filed to the return, alleging that only

$47,291.02, was due on the second mortgage, leaving a balance of $63,527.43, to which defendant's judgment creditors were entitled, and plaintiff was not. By agreement of the parties an auditor was appointed to distribute this balance; he reported in favor of awarding it to plaintiff, in accordance with the sheriff's special return; but, upon exceptions filed by appellees, the court below decreed they were entitled to it, and plaintiff then appealed.

Appellant admits he is not personally interested in the $63,527.43, but alleges it belongs to one John T. Robinson, for whose benefit he claims it. At no time did Robinson appear before the auditor or the court below, nor does he appeal from the decree in favor of appellees, plaintiff alone appealing, in his own name and apparently in his own right, and not as the representative of Robinson. Since appellant has in fact no interest in the fund, we might well dismiss the appeal on this ground alone; the same result is reached, however, if we treat the appeal as taken by or on behalf of Robinson.

Excluding the first mortgage, which has been paid in full out of the price realized at the sale, and some 200 judgments against defendant, which will not be reached in the distribution, the liens upon the property, at the time of the sheriff's sale, were as follows:

(1) 1914, January 20th, the foregoing second mortgage of $85,000, in favor of appellant.

(2) 1915, January 29th to March 18th, twelve judgments held by appellees.

(3) 1915, May 31st, judgment in favor of appellant on a transcript of a judgment from Washington County, which had been there entered by virtue of the warrant of attorney accompanying the bond secured by the foregoing second mortgage of $85,000.

The first and last of said liens were, of course, for the same debt; and it is evident that the latter thereof, considered merely as a judgment, would take no part of the fund, because subsequent in entry to the judgments held

by appellees; and hence the questions arising on this
distribution must really be decided as between the mort-
gage itself and the twelve judgments. Appellant's claim
is based on the legal fiction that the mortgage is merged
in the judgment entered on the warrant of attorney,
though, for the purpose of lien, the latter takes effect as
of the place and date of record of the former; and hence,
he says, appellees' claim of part payment could only be
considered in Washington County, where the judgment
was first entered. For certain purposes this contention,
as to both fact and effect, is true, indeed necessarily so;
but to it the maxim in fictione juris semper aequitas
existit is particularly relevant, and hence the contention
will not be sustained in a case like the present. If sus-
tainable, it would be good though the judgment was first
entered in the remotest and most inaccessible county
of the State, and a transcript thereafter filed in Greene
County; or, indeed, under the "full faith and credit"
clause of the Constitution of the United States, if a
judgment on the warrant of attorney had been entered
in Florida or Texas, and a suit thereon had ripened into
a local judgment in Greene County.

The sheriff's special return was made under the Act of
June 4, 1901, P. L. 357, which says that, if exceptions
are filed, "the court shall proceed to hear and determine
the same, as now provided by law in case of disputes as
to the distribution of the proceeds of sheriff's sales," that
is, as provided by section 86 of the Act of June 16, 1836,
P. L. 777, "according to law and equity." The distribu-
tion being in a court of equity, according to whose rules,
indeed, all such distributions are made (Wolf v. Fergu-
son, 129 Pa. 272, 283; McCune v. McCune, 164 Pa. 613),
and Robinson being entitled to subrogation only in case
he was required to pay a debt for which one Barnes was
primarily liable, and which in equity and good con-
science the latter should have paid (Lackawanna Trust
& Safe Deposit Co. v. Gomeringer, 236 Pa. 179), the
burden was on Robinson to show the facts by virtue of

which he claimed to be subrogated, on this distribution, to the rights of the mortgagee; and here his case wholly fails.

As already stated, appellant admits that though the mortgage was given to him, he had no personal interest in it. He was president of the Citizens National Bank and also of the Washington Trust Company, each of Washington, Pa., and the mortgage was given to secure to them the payment of an antecedent indebtedness of one J. V. Thompson, represented by five notes, endorsed by several people for his accommodation and discounted by the bank and trust company; two of the endorsers, at the time of the sheriff's sale, being Barnes and Robinson. Admittedly also, the bank and the trust company have been paid in full and have no interest in the distribution. Upon two of the notes Barnes was the only endorser, and the amount thereof was included in the $47,291.02, which was allowed as a credit upon the price bid by appellant at the sale. Upon the other three notes Robinson was a prior endorser to Barnes, and, therefore, as between themselves, Robinson was, prima facie, the one ultimately liable. These three notes, which were also further protected by a mortgage given by Robinson on his own property, were paid by him, and his collateral mortgage thereupon satisfied; and the claim now made is, that he is entitled, by reason of this payment, to be subrogated to the right of the bank and trust company on the $85,000 mortgage, to the detriment of appellees, as judgment creditors of Barnes, though in making the payment, he was, as between himself and Barnes, only paying his own debt. This would be against equity and good conscience and hence the claim to subrogation cannot be allowed. A different question would have arisen had Robinson appeared and set up facts sufficient to show that, despite the order of the endorsements, Barnes was, as between themselves, the primary debtor; but this he did not do.

We have not overlooked appellant's contention that this second mortgage was given by Barnes, and the notes endorsed by him, because he was indebted to Thompson in a sum exceeding the amount of the mortgage, whereas Robinson was a creditor of Thompson, and hence only an accommodation endorser. It is difficult to make the first of these allegations accord with the fact that, in the proceedings in bankruptcy instituted against Thompson, Barnes was adjudicated a creditor in the sum of $712,757.07; but whether he was a debtor or a creditor does not necessarily determine the rights of the parties here, where each was a surety for Thompson, since no agreement was shown that, as between Barnes and Robinson, the former was to be primarily liable notwithstanding the prima facies arising from the order of their endorsements. Especially is this true, since the contention, now made by appellant for Robinson, is in the teeth of the claim of the latter, in a suit he brought against Barnes in another county, wherein he alleged it was agreed all the endorsers, including Barnes and himself, were to be considered as equally bound, without regard to the order of their endorsements; a fact which, if true, directly contradicts the claim now made for Robinson, but which the latter did not undertake to prove on this distribution.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.