523 A.2d 790

**FARMERS TRUST COMPANY, Appellant,**

**v.**

**Ralph H. BOMBERGER and Kathryn M. Bomberger, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 19, 1986.

Filed April 2, 1987.

94

Thomas P. Harlan, Lebanon, for appellant.

Samuel G. Weiss, Jr., Lebanon, for appellees.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

WIEAND, Judge:

This appeal requires that we determine the priority of the liens of two purchase money mortgages, one of which is

held by the seller of the mortgaged property and the other by a lending institution which advanced money to the mortgagor to enable the mortgagor to purchase the mortgaged property.

By agreement dated May 29, 1981, Leroy Schucker agreed to sell and Ralph and Kathryn Bomberger agreed to buy the Halfway Tavern in Lebanon County for a consideration of One Hundred Twenty-Five Thousand ($125,000.00) Dollars. The agreement was subsequently amended to provide that the sellers would borrow Eighty-Five Thousand ($85,000.00) Dollars from Farmers Trust Company, to be secured by mortgage constituting a first lien on the premises. The seller agreed to provide the remaining Forty Thousand ($40,000.00) Dollars, which, by the express terms of the agreement, was to be secured by a mortgage whose lien would be "a second mortgage on the premises after the first mortgage of the Farmers Trust Company." In reliance on this supplemental agreement, the bank agreed to lend the purchasers the sum of Eighty-Five Thousand ($85,-000.00) Dollars. The transaction was closed on June 24, 1981. The deed was recorded at 2:10 p.m.; the mortgage to the bank was recorded at 2:11 p.m.; and the seller's mortgage was recorded at 2:12 p.m. As a result of a mutual mistake, however, the bank's mortgage did not contain language expressly providing that it was a purchase money mortgage; and the mortgage held by the seller did not contain language that it was intended to be subordinate to the mortgage held by the bank.

The purchasers defaulted and, on June 7, 1983, the bank instituted foreclosure proceedings. When the purchasers went into bankruptcy, however, the foreclosure proceedings were stayed. On March 21, 1984, the stay order was vacated, and the premises were thereafter scheduled for sale by the sheriff. Shortly before the sale, Schucker, the seller, notified the sheriff that he held a first lien on the tavern and expected to be paid first from the proceeds of the sale. At the sheriff's sale, the bank purchased the

tavern property for a high bid of Forty-Four Thousand ($44,000.00) Dollars. The sheriff filed a schedule of distribution in which he proposed to pay the Schucker mortgage in full before distributing any part of the proceeds to Farmers Trust Company. The bank filed exceptions to the sheriff's schedule of distribution in which it alleged the foregoing facts and to which were attached copies of the relevant documents. The seller did not deny the facts. Instead, he filed a motion for summary judgment in which he conceded the correctness of the facts recited by the bank. His motion for judgment did not allege estoppel as a basis for the entry of judgment in his favor; it relied solely on the state of the record at the time of the sale. The motion was argued before the Honorable John Walter, who denied the same. Thereafter, the bank filed a separate motion for summary judgment which came before the Honorable Robert J. Eby for decision. Judge Eby denied the bank's motion and, instead, entered an order granting summary judgment in favor of Schucker, the seller. The basis for this decision was the trial court's determination that the bank should be estopped to assert a mistake in the preparation of the mortgage documents because it had waited too long to correct the same.[1] Farmer's Trust Company appealed. We reverse.

Where exceptions to the distribution of the proceeds of a foreclosure sale are filed, a court will hear and determine them according to law and equity. 22 Std.Pa. Prac.2d § 121:120. See: *Donnan v. Barnes*, 272 Pa. 33, 115 A. 883 (1922). The priority of liens as they appear on record is prima facie evidence of the manner in which the proceeds are to be distributed. 22 Std.Pa.Prac.2d § 121:120. See: *Gosser v. Yohn*, 67 Pa.Super. 521 (1917). However, if the exceptant can produce evidence that he is equitably entitled to priority, the order of payment of the proceeds of a foreclosure sale will be changed. 22 Std.Pa. Prac.2d § 121:120. See: *Gosser v. Yohn, supra.*

1. Appellant informs us that the estoppel issue was raised for the first time during oral argument on the bank's motion for summary judgment.

■ Priority for the liens of purchase money mortgages is provided by statute at 42 Pa.C.S. § 8141(1) as follows:

Liens against real property shall have priority over each other on the following basis:

(1) Purchase money mortgages, from the time they are delivered to the mortgagee, if they are recorded within ten days after their date; otherwise, from the time they are left for record. A mortgage is a "purchase money mortgage" to the extent that it is:

(i) taken by the seller of the mortgaged property to secure the payment of all or part of the purchase price; or

(ii) taken by a mortgagee other than the seller to secure the repayment of money actually advanced by such person to or on behalf of the mortgagor at the time the mortgagor acquires title to the property and used by the mortgagor at that time to pay all or part of the purchase price, *except that a mortgage other than to the seller of the property shall not be a purchase money mortgage within the meaning of this section unless expressly stated so to be.* (emphasis added)

The recorded mortgages in this case suggest by their terms that the seller's mortgage was a purchase money mortgage, while the bank's mortgage, because it did not recite that it was intended to be a purchase money mortgage, was not. Although the recorded mortgage documents alone were sufficient under the statute to raise an inference of lien priority in favor of the seller, that inference could be rebutted by evidence that the parties intended a different result.

■ The priority which a mortgage lien would otherwise have may be altered by agreement of the parties. 24 P.L.E. *Mortgages* § 106. See: *Thomas v. Equitable Building & Loan Association,* 215 Pa. 259, 64 A. 531 (1906); *Wheatcroft v. Auritt,* 226 Pa.Super. 118, 312 A.2d 441 (1973). See also: *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 282 A.2d 335 (1971). In determining the rights of parties to a dispute involving the

distribution of proceeds from a foreclosure sale, therefore, consideration must be given not only to the recorded documents, but also to any agreement by the parties which affects lien priorities between them. See: *Sidle v. Kaufman*, 345 Pa. 549, 557, 29 A.2d 77, 82 (1942). See also: *Knoell v. Carey*, 285 Pa. 498, 500, 132 A. 702 (1926).

■ In the instant case, there was no dispute that the parties had entered into a pre-sale agreement whereby the bank was to advance slightly more than two-thirds of the purchase price and was to be secured by a first mortgage; and the seller was to provide slightly less than one-third of the purchase price and was to be secured by a second mortgage. Notwithstanding the lien priorities which would have been established by statute when applied to the recorded mortgages, the expressed intent of the parties, as evidenced by the supplemental agreement of sale, was to subordinate the seller's mortgage to that of the bank. Because the intention of the parties is clear, their agreement is controlling. The bank's mortgage must be given priority over the mortgage held by the seller. Having reached this conclusion, we direct our consideration to whether the bank should be equitably estopped from asserting the agreement which provided for the priority of its lien.

■ "Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect." *Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 435, 457 A.2d 502, 503 (1983). It "applies to prevent a party from assuming a position or asserting a right to another's disadvantage inconsistent with a position previously taken." *Blofsen v. Cutaiar*, 460 Pa. 411, 417, 333 A.2d 841, 843 (1975). "[T]he person inducing the belief in the existence of a certain state of facts is estopped to deny that the state of facts does in truth exist, over a different or contrary state of facts as existing at the same time, or deny or repudiate his acts, conduct or statements." *Novelty Knitting Mills, Inc. v. Siskind, supra* 500 Pa. at 436, 457 A.2d at 504, quoting *Blofsen v. Cutaiar, supra* 460 Pa. at 417, 333 A.2d at 844. See also: *Northwestern National Bank v. Common-*

*wealth*, 345 Pa. 192, 197, 27 A.2d 20, 23 (1942). "An estoppel requires the presence of two essential elements. The first is an inducement to act. The second is a justifiable reliance on that inducement." *Havas v. Temple University*, 357 Pa.Super. 353, 356, 516 A.2d 17, 18 (1986), citing *Novelty Knitting Mills, Inc. v. Siskind, supra* 500 Pa. at 436, 457 A.2d at 503. The burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal. *Novelty Knitting Mills, Inc. v. Siskind, supra*, 500 Pa. at 436, 457 A.2d at 504; *Blofsen v. Cutaiar, supra*, 460 Pa. at 417, 333 A.2d at 844.

In the instant case there was no evidence to support a finding of estoppel against the bank. There was no evidence of an inducement by the bank and no evidence that the seller had acted in justifiable reliance on a belief that the lien of his mortgage was to be superior to the lien of the bank's mortgage. In deciding summarily the issue of lien priority, the trial court concluded that the bank was estopped because it had delayed in discovering the mistake in the terms of its mortgage and in moving promptly to correct the mistake. This was error.

■ As a general rule, mere silence or inaction is not a ground for estoppel unless there is a duty to speak or act. See: *Brown v. Haight*, 435 Pa. 12, 19, 255 A.2d 508, 512 (1969). See: 14 P.L.E. *Estoppel* § 52. There is no estoppel where both parties are equally aware of the facts and where the failure to speak or act by one party does not mislead the other. In such cases there is no duty to speak or act. See: 14 P.L.E. *Estoppel* § 47; *Richards v. Buffalo Etc. R. Co.*, 137 Pa. 524, 19 A. 931 (1890).

■ Here, the record does not show that the bank did anything to mislead the seller with respect to the lien priorities of the two mortgages. The seller was a party to a supplemental contract by which he had agreed that the lien of his mortgage would be subordinated to the lien of the bank's mortgage. If any party was misled to its prejudice by the mistake in drafting the mortgage documents, it was the bank and not Schucker.

The record before this Court consists of averments of fact contained in the bank's exceptions to the sheriff's schedule of distribution. The correctness of those facts has been conceded by the seller. One of the facts alleged and not disputed is that the mortgage documents failed to contain the language necessary to preserve the priority of the bank's lien because of mistake. It has also been conceded that the intent of the parties was correctly stated in the supplemental agreement of sale by which the seller agreed that the lien of his mortgage was to be second to the lien of the mortgage held by the bank which had advanced the major portion of the purchase price. Under these circumstances, the result is clear. The bank is entitled to be paid first from the proceeds realized at the sheriff's sale. The seller will not be permitted to take advantage of a mistake in drafting the mortgage documents to gain for himself an unintended windfall.

Reversed and remanded for distribution consistent with the foregoing opinion. Jurisdiction is not retained.