## Shryock *versus* Waggoner.

Where the parties, after having given the evidence on both sides, withdraw the case from the jury, and agree that the court below shall pronounce the law in the case, subject to a writ of error, there are no facts ascertained in the cause upon which the judgment can be reviewed in this court.

A person although in debt, or even totally insolvent, is not thereby disqualified from taking and holding real estate as a trustee.

The fact that the trustee was indebted or insolvent, is not of itself evidence that the trust was introduced to shield the property from his creditors.

Judgment-creditors are not protected against trusts of which they have no notice, or allowed in equity to hold against the *cestui que trust.*

ERROR to the Common Pleas of *Adams county.*

This was an action of ejectment by George Shryock against Daniel Waggoner, Zachariah Cullison, Susannah Cullison, Ferdinand Rath, and Mary Rath, for fifty-five acres of land.

An aged and infirm woman, by the name of Polly Rupp, was the owner of the premises in dispute, and, on the 17th day of

September, 1847, conveyed them by deed to Ferdinand Rath, upon the following trust :—

"In trust nevertheless for the uses following and none other, that is to say to pay to the several creditors of the said Polly Rupp the sums due to them (supposed to amount in the whole to about thirty dollars), and to furnish to the said Polly Rupp comfortable support and maintenance in the family of the said Ferdinand Rath during her natural life, to feed and clothe and take care of her in all respects as a member of his own family so long as she may live, and after the death of the said Polly Rupp to hold the same in trust for the sole and separate use of Polly Rath, wife of the said Ferdinand Rath, and of Susanna Leady, stepdaughter of the said Ferdinand Rath, as tenants in common, and to their heirs or assigns for ever, and so as they the said Polly Rath and Susanna Leady shall take and receive the rents, issues, and profits thereof, and so as the said Ferdinand Rath shall not have or control the same in any wise whatsoever, except for the purposes of these trusts hereby created. The said lands and appurtenances hereby granted, or intended so to be, to be subject always to the payment of the before-mentioned debts of the said Polly Rupp and her necessary and comfortable support during her life as hereinbefore provided for."

The plaintiff alleged that Ferdinand Rath was indebted at the time this deed was made, and subsequently became insolvent, and that the trust to his wife and step-daughter in the deed was inserted for the purpose of defrauding his creditors.

Those creditors had it seized under executions against him, and the plaintiff purchased at the sheriff's sales. Rath separated from his wife in 1852, and continued so at the time of the trial.

After the evidence was concluded, the counsel of the respective parties made the following agreement :—

"It is agreed that the jury may be discharged, and that if the court be of opinion that on the facts in the case the law is with plaintiff the verdict shall be entered in his favour for the premises in dispute, otherwise for the defendants, with leave to either party to sue out a writ of error in all respects as if the verdict of the jury had been rendered in open court and a judgment entered thereon and exception taken to the charge."

The court below (FISHER, P. J.) entered judgment for the defendants.

The plaintiff sued out this writ, and assigned for error, that the court erred in entering judgment for the defendants.

*McLean* and *Hepburn*, for plaintiff in error.

*McCreary*, for defendants in error.

[Shryock *v.* Waggoner.]

The opinion of the court was delivered by

WOODWARD, J.—It is a great misnomer to call this a case stated. After the evidence was closed, it was agreed in writing by the counsel that the jury should be discharged and that the court should pronounce the law upon the "*facts in the case.*" What facts? Not one is set down as ascertained and established. The evidence is here, but how much of it the jury would have believed, and what conclusions they would have deduced from it, we are left to conjecture, and that without the slightest assistance from the court below; for, without a word of explanation, they entered judgment for the defendants. This was a very proper judgment on a case so presented, whatever its merits; and our duty would be fully performed in affirming the judgment on the ground that the case is not so stated as to enable us to review it on its merits. To bring up the crude evidence without an attempted analysis of it either by counsel or a jury, indicates a strange misconception of the duties of this court of review. We would not undertake to reverse a judgment on such facts as we might find from an undigested mass of evidence, because the discovery of facts is no part of our appropriate work.

Still, however, whilst we do not mean to encourage cases stated of this stamp, we feel well assured, from a glance at the testimony, that the judgment ought to be affirmed as well on that as on the ground of irregularity in making up the record.

Polly Rupp, an aged, infirm, and lone woman, owned the land in controversy; and, on the 7th of September, 1847, conveyed it, in consideration of one dollar, to Ferdinand Rath in trust,

1st. To pay her debts, supposed to amount to about $30.

2d. To support her for the remainder of her life.

3d. After her death, in trust for the sole and separate use of Polly Rath, wife of the said Ferdinand, and of Susanna Leady, step-daughter of said Ferdinand, as tenants in common, and to their heirs and assigns for ever, and so as they the said Polly Rath and Susanna Leady shall take and receive the rents, issues, and profits thereof, and so as the said Ferdinand shall not have or control the same in any wise whatever except for the purposes of these trusts hereby created.

Now, whether Ferdinand Rath was indebted at the date of this deed is one of the unascertained facts about which counsel differ; but suppose he was hopelessly insolvent, that did not disqualify him from acting as trustee, nor did his creditors acquire any rights as against the *cestuis que trust.* It is attempted to treat this trust as a fraud against his creditors—it is said he paid the debts of Polly Rupp and supported her; that he was in fact the purchaser of the land, the trust being introduced merely to shield it from his creditors. *Non constat* is a sufficient answer. The proof is that the grant was made—the estate created on a nominal con-

[Shryock v. Waggoner.]

sideration—that it was a farm yielding rents and profits—and it is a very fair presumption that these were adequate to discharge the very small indebtedness and to support the brief remnant of the grantor's life. It does not appear that Rath paid anything or had any interest in the land except as trustee. His wife and Susanna paid the only debt we hear of; and if he may claim that their earnings belonged to him, and therefore that it was a payment by him, we will presume him compensated by the rents and profits, at least until he renders an account.

It looks to us as a simple and direct trust, under which no beneficial interest vested or was intended to vest in the trustee, which his creditors could touch. Undoubtedly a debtor cannot convey his estate or cause it to be conveyed in trust for the use of his family to the prejudice of his creditors; but this was never the estate of Ferdinand Rath, nor was any part of his estate taken to purchase it. His creditors could not be delayed or hindered by any use Polly Rupp might make of her estate.

If mortgagees for a valuable consideration and without notice of a trust are sometimes considered as purchasers, judgment-creditors never are, and they are not in equity allowed to hold against the *cestui que trust*: Finch *v*. Earl of Winchelsea, 1 *P. W.* 278; *Fonblanque's Eq*. 167, in note. They had all the remedies against their debtor after the trust they had before. The purchaser at the sheriff's sale acquired no interest in the land, because Rath was a naked trustee, without an interest to be bound by his creditors' judgment.

Such are the impressions which the *facts*, as they are called, have made on our minds; and if the court rendered judgment on them, we think it was a sound judgment, and it is accordingly affirmed.

Judgment affirmed.