# Landell's Appeal.

1. A sheriff's sale of real estate, under a judgment recovered in a scire facias upon a mortgage, passes to the purchaser title to the mortgaged premises discharged of equities of which the mortgagee had no notice or knowledge.

2. Upon the distribution of the proceeds of a sheriff's sale of real estate under a judgment upon a mortgage thereof, which mortgage had been executed by one who held the legal title to the premises as trustee ex maleficio, the owner of the equitable title under said trust ex maleficio is entitled to claim the surplus of said fund after payment of the mortgage debt, to the exclusion of judgment creditors of the mortgagor.

January 23, 1884.   Before MERCUR. C. J. GORDON, PAX-SON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

Appeal from the Court of Common Pleas No. 3, of *Phila-delphia county*: of July Term 1883, No. 183.

This was an appeal by Isaac E. Landell and Edwin A. Lan-dell, to the use of the Pennsylvania Sugar Refining Company, from a decree of the said Court distributing the proceeds of a Sheriff's sale of real estate under a writ of levari facias, on a judgment in sci. fa. sur mortgage against Charles M. Hilgert, trading as John Hilgert's Sons.

The auditor appointed to distribute the fund in Court, found the facts to be as follows:

In 1878, John Hilgert being the owner of certain premises (being the same that produced the fund in Court) mortgaged the same to Powers & Weightman for $6,000.   On May 20, 1881, Charles M. Hilgert, son of said John Hilgert, by false and fraudulent representations that Powers & Weightman wanted the money for said $6,000 mortgage, and that a certain paper then presented for his signature was a new mortgage to be made to raise money for paying off the same, procured John Hilgert to execute said paper, his wife joining therein, which was dated May 20, 1881. and recorded May 23, 1881. This paper was in fact an absolute deed for said premises to the said Charles M. Hilgert, reciting a nominal consideration of $10,000, no part of which was paid.   On January 16, 1882, Charles M. Hilgert executed a mortgage of said premises for $25,000 to John. Lowber Welsh, a bona fide mortgagee, which mortgage, and an assignment thereof dated August 5, 1882, to Wm. H. Newbold's Sons & Co., were duly recorded. Upon a scire facias issued upon said mortgage against Charles M. Hilgert, judgment was obtained September 4, 1882, and a levari facias issued, under which the mortgaged premises were sold at sheriff's sale for $21,500.   The sheriff paid the execution creditor's debt, interest and costs, and the surplus resulting from said sale, amounting to $1.327.35, he paid into Court which is the fund for distribution.

This fund was claimed, on the one hand, by Isaac E. and E. A. Landell upon a judgment held by them against Charles M. Hilgert prior in lien to other incumbrances of record.   On the other hand, the fund was claimed by John Hilgert, father of Charles M. Hilgert, on the ground that he was the equitable owner of the premises which produced the same, because Charles M. Hilgert procured the said conveyance to himself by actual fraud and hence became a trustee ex maleficio.

The auditor reported that the fund in court being the pro-ceeds of Charles M. Hilgert's interest, whatever that might be, John Hilgert, claiming not through or under Charles M.

Hilgert, but paramount and adverse to him, had no standing to participate in the distribution. The auditor therefore awarded the fund to the Landells on their judgment.

Exceptions filed by John Hilgert to the above ruling and award of the auditor were sustained by the court (no opinion filed) and a decree was entered awarding the fund to John Hilgert. Isaac E., and Edwin Landell thereupon took this appeal, assigning for error the action of the court in sustaining said exceptions to the auditor's report, and the said decree of the court.

*William C. Hannis*, for the appellants.—John Hilgert, not being a judgment or lien creditor, but claiming a paramount equitable title to the real estate, had no standing as claimant in the distribution of the proceeds of real estate, sold at sheriff's sale as the property of Charles M. Hilgert. In such a distribution, the title of the defendant in the execution at the time the lien was obtained against him must be assumed by the court and be admitted by all persons claiming the fund. This rule applies as well to the distribution of funds raised by sheriff's sale, as in distribution of assigned estates and decedents' estates: Smith *v.* Reiff, 8 Harris, 364; Hoffman's Appeal, 8 Wr., 95; Okie's Appeal, 9 W. & S., 156; Walters *v.* Pratt, 2 Rawle, 265; McBride's Appeal, 22 P. F. S., 484; Richards' Appeal, 4 Out., 51; Cross's Appeal, 1 Out., 471; Helfrich's Appeal, 3 Harris, 382; Bush's Appeal, 15 P. F. S., 363; McBride's Appeal, 22 P. F. S., 480; Braman's Appeal, 8 Norris, 78; Mark's Appeal, 10 Casey, 36; Vetter's Appeal, 3 Out., 52; Williams' Bros. Appeal, 5 Out., 474; Jefferis' Appeal, 9 Casey, 39; Wylie's Appeal, 11 Norris, 196.

John Hilgert claimed an equitable title to the real estate, the legal title of which was held by his son, as trustee ex maleficio. His remedy was therefore by ejectment or by bill to cancel the fraudulent deed, but he cannot, after a sheriff's sale of the legal title, claim the fund on the ground that his right to the land sold was better than that of the defendant, and that instead of bringing ejectment to recover the land, he will take the money: Walters *v.* Pratt, supra. Equitable liens upon real estate do not exist in Pennsylvania: Cross's Appeal, supra.

*Alfred Moore*, (with him *Arthur Moore*), for the appellee.— The appellants, as judgment creditors, are not entitled to the protection of a purchaser of the legal title against an equitable owner: Reed's Appeal, 1 Harris, 476. When Charles M. Hilgert executed the mortgage the record showed a good title in him, free from incumbrances, and the mortgagee, having no

notice of John Hilgert's secret equity, obtained the security of the fee simple title. The sheriff's sale under the mortgage passed the whole title to the mortgaged premises—both the legal and equitable estate—and the surplus proceeds, after paying the mortgage debt, represented the price of John Hilgert's equitable estate in the premises sold. If the appellants under their judgment had levied on and sold whatever estate Charles M. Hilgert had in the premises, there would be force in their argument that John Hilgert would not be entitled to claim the proceeds of such sale, and the authorities they cite would be applicable. But they have no application where by a sheriff's sale under a bona fide mortgage the entire estate in the land passed to the purchaser. It would be a travesty of justice, if the creditors of Charles M. Hilgert, who paid nothing for his legal estate, should now be let in on the price of his father's equity.

The opinion of the court was filed February 4, 1884.

PER CURIAM. The fund produced by a sheriff's sale of real estate is to be distributed according to law and *equity*. Tindle's Appeal, 27 P. F. Smith, 201. This sale having been made on a mortgage the purchaser took the land discharged of secret equities. The whole title passed by the sale. The remedy of the appellee was to look to the proceeds remaining after the satisfaction of the mortgage taken in good faith, and for a valuable consideration without any knowledge of the fraud. If the sale had been made on a judgment a different rule would apply, and a different principle be recognized in the distribution of the fund. Beekman's Appeal, 2 Wright, 385.

> Decree affirmed and appeal dismissed at the costs of the appellants.