## Rubinsky, Appellant, *v.* Kosh, Guardian, et al.

Argued February 11, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

286

P. B. *Roads,* with him *W. L. Kramer, R. A. Freiler* and *J. F. Mahoney,* for appellant.—A decree of the orphans' court cannot be reversed or avoided collaterally in any other court upon a charge of fraud entering into the procurement of the decree in a matter within the exclusive jurisdiction of the orphans' court and of which matter the orphans' court has actually assumed jurisdiction: Mallory's Est., 285 Pa. 186; Cascaden v. Cascaden, 140 Pa. 140; Holden v. Mfg. Co., 232 Pa. 366; Hurst v. Brennen, 239 Pa. 216; State Hospital v. Water Co., 267 Pa. 29; Tyson v. Rittenhouse, 186 Pa. 137.

When a suit is begun in the orphans' court and subsequently a suit is entered in the court of common pleas, sitting in equity, wherein the same cause of action is averred, and the latter suit is decided against plaintiff not on the merits but because it is held that the orphans' court has exclusive jurisdiction, and no appeal is taken in the latter suit, nor further proceedings had in the first suit by plaintiff, and by reason of the neglect of plaintiff to so proceed, the rights of third parties have become involved, plaintiff will be deemed to have abandoned his suit in the orphans' court and the cause of action laid therein: Leaming v. Wise, 73 Pa. 173; Schofield v. Shiffer, 156 Pa. 65.

When a party seeks to defend solely on the ground of fraud, and it appears, on his own showing in his answer

filed, that he had neglected to exercise his right of redress, it is to be presumed that defendant has waived this defense: Tyson v. Rittenhouse, 186 Pa. 137; Stevens v. R. R., 278 Pa. 284; Morgan v. McKee, 77 Pa. 228; Davis v. Stuard, 99 Pa. 295; Leaming v. Wise, 73 Pa. 173.

*G. H. Gerber,* with him *A. D. Knittle,* for appellee.— Y. M. Skrotsky never acquired the legal title for the lots of ground described in plaintiff's abstract of title: McCaskey v. Graff, 23 Pa. 321; Jackson v. Summerville, 13 Pa. 359; Hartzell v. Whitmore, 271 Pa. 575; Beegle v. Wentz, 55 Pa. 369; Christy v. Sill, 95 Pa. 380.

The deed from Kosh, guardian, was obtained by fraud and it was null and void because the purchase money was never paid: Jackson v. Summerville, 13 Pa. 359; Simmond's Est., 19 Pa. 439.

Judgments, decrees or judicial sales obtained by fraud may be avoided in collateral proceedings: Mitchell v. Kintzer, 5 Pa. 216; Phelps v. Benson, 161 Pa. 418.

Judgment-creditors are not within the recording acts; they stand in the shoes of their debtor and can claim no greater rights than he himself possessed: Cover v. Black, 1 Pa. 493; Shryock v. Waggoner, 28 Pa. 430; Lancaster Co. Bank's App., 127 Pa. 214; Sill v. Swackhammer, 103 Pa. 7; Kauffman v. Kauffman, 266 Pa. 270.

OPINION BY MR. JUSTICE SIMPSON, April 15, 1929:

In this action of ejectment, plaintiff filed a statement of claim and abstract of title; defendants, a plea, answer and counter-abstract; the former entered a rule to show cause why, on the pleadings, he should not have judgment in his favor, and the court below made this rule absolute. At the same term, however, it struck off that judgment, on motion of defendants, because not "based on the opinion or action of the court on the pleadings, but on an alleged default of the defendants in failing to file an answer to the rule [to show cause] which

called for judgment on the pleadings, and not for judgment by default"; at the same time, it reviewed the pleadings and held they raised an issue of fact, which would have to be decided by a jury. Plaintiff appeals; and in determining whether he was entitled to the summary judgment which he alleges the court below erred in striking off, every relevant fact pleaded by defendants, and all proper inferences therefrom, must be accepted as true, and all reasonable doubts must be resolved in their favor: Smith v. Miller, 289 Pa. 184, 190; Moore v. Luzerne County, 262 Pa. 216.

Both parties claim title through Agnes Mistysyn Berzowiski (hereinafter called testatrix), who died seized in fee of the property in dispute. She left a will which was duly probated, but has not been printed for our information. She left surviving her, seven minor children, who would have been her heirs at law if she had died intestate, and they and their fiduciaries are the defendants in this suit.

Plaintiff's alleged title is as follows: Rev. Y. M. Skrotsky, upon a petition which falsely averred testatrix had died intestate, obtained letters of administration on her estate; two days later he secured the appointment of a guardian of the estates of her minor children, and the latter, about a month and a half thereafter, presented to the orphans' court a petition for leave to sell the property at private sale, to Skrotsky, the administrator, personally, without advising the court that he was the administrator. Leave was granted, a deed was made by the guardian to Skrotsky, as whose property it was later sold by the sheriff, on a judgment against him, and a deed made by the sheriff to plaintiff.

Defendants' abstract of title admits the records and deeds referred to in plaintiff's abstract, but avers that the orphans' court sale was obtained through the collusive fraud of Skrotsky and the guardian, of which plaintiff had knowledge by reason of a notice, setting forth the facts, which was read at the sale immediately

before the property was sold by the sheriff. Defendants' pleadings fully stated the facts from which a jury could properly find the fraud; but it is not necessary to specify them here, since plaintiff (by his statement of the questions involved, which limits the scope of the appeal: Com. ex rel. v. Snyder, 294 Pa. 555), does not question their sufficiency to show the fraud, but only denies defendants' right to prove them in the present state of the record. If their sufficiency had been challenged, we would unhesitatingly reach the same conclusion on the point as the court below did.

Plaintiff's first contention is that the decree of the orphans' court, authorizing the guardian to sell the property to Skrotsky, being unappealed from and unreversed, is a conclusive bar to defendants' claim. This would be so, of course, but for the fraud averred in the pleadings. "But in the eye of the law, fraud spoils everything it touches. The broad seal of the Commonwealth is crumbled into dust, as against the interest designed to be defrauded. Every transaction of life between individuals, in which it mingles, is corrupted by its contagion. Why then, should it find shelter in the decrees of courts? *There* is the last place on earth where it ought to find refuge. But it is not protected by record, judgment or decree; whenever and wherever it is detected, its disguises fall from around it, and the lurking spirit of mischief, as if touched by the spear of Ithuriel, stands exposed to the rebuke and condemnation of the law": Mitchell v. Kintzer, 5 Pa. 216, 217. This principle has never been doubted by us; on the contrary, it has often been recognized and applied: Jackson v. Summerville, 13 Pa. 359, 369; Phelps v. Benson, 161 Pa. 418; Smith v. Markland, 223 Pa. 605, 629; West Homestead Borough v. Erbeck, 230 Pa. 316, 318.

Plaintiff next contends that defendants are estopped because they did not appeal from the refusal of the orphans' court to vacate the decree authorizing the private sale to Skrotsky, after they had, by petition filed, sought

relief therefrom. This is but part of the story, however. The petition was "refused without prejudice," solely because certain creditors of Skrotsky, who had obtained judgments pending the proceeding, had not been notified thereof. It would have been wiser if the orphans' court, instead of dismissing the petition, had directed petitioners to give notice to those judgment creditors, as it would also for petitioners to have done so, of their own motion, after they knew the court thought this a necessary prerequisite to the relief sought; but these omissions do not alter the fact that the petition was simply "refused without prejudice," the effect of which was to leave the parties in the same position as if it had never been presented: House v. Mullen, 22 Wallace 42; 16 Cyc. 469.

The record further shows that while Skrotsky, by virtue of the deed from the guardian, had entered into possession of property,—without even paying the inadequate purchase price stated in the decree of the orphans' court,—subsequently, and before plaintiff obtained his alleged title from the sheriff, Skrotsky had been ousted by defendants, by virtue of a judgment in ejectment in a suit by them against him. By this proceeding, the effect of the decree of the orphans' court was wholly overcome so far as Skrotsky was concerned, and probably as to plaintiff also, since his title was derived by a sale under a judgment against Skrotsky, after notice of the fraud, and judgment creditors are not within the protection of the recording acts: Cover v. Black, 1 Pa. 493; Reed's Appeal, 13 Pa. 476; Shryock v. Waggoner, 28 Pa. 430; Lancaster County National Bank's Appeal, 127 Pa. 214; Kauffman v. Kauffman, 266 Pa. 270. It is not necessary to decide this point, however; it is sufficient that the fact stated conclusively determines that there is no basis for plaintiff's final suggestion that he was entitled to believe defendants had abandoned their contention that Skrotsky's title was obtained by fraud.

The order of the court below is affirmed.