Shinn et al. *v.* Stemler, Appellant.

Argued October 8, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*P. B. Roads,* for appellant.

No appearance was made nor brief submitted for appellee.

PER CURIAM, November 9, 1948:

The present appeal represents appellant's third appearance before this Court in relation to the same judgment. This is her second endeavor to bring about the opening of the judgment entered against her by confession on February 10, 1943, upon a sealed judgment note for the sum of $1,200. The first petition was dismissed for the reason that want of consideration, the sole ground therein relied upon, is not a defense to a sealed obligation (*Shinn et al. v. Stemler,* 158 Pa. Superior Ct. 350, 45 A. 2d 242). While appellant was prosecuting the first appeal, the appellees proceeded with execution on the judgment and obtained a writ of possession for the real

estate levied upon. Appellant filed the second appeal from the order granting the writ of possession, which was decided against her for the reason that no application for an order of supersedeas had been made, and that the question had become moot (*Shinn et al. v. Stemler,* 159 Pa. Superior Ct. 129, 47 A. 2d 294). Thereupon appellant filed her second petition to open the judgment in which she alleged fraud. The court below discharged the rule to open judgment because it was of the opinion that the averments of the petition were insufficient. From this order, the present appeal is taken.

Paragraph 6 of appellant's petition avers that her signature to the note was obtained by fraud under the following circumstances: "During the month of March of the year 1938, Bessie Shinn, one of the plaintiffs above named, called at the home of your petitioner . . . at a time when your petitioner was confined to her bed, weak, sick, and in a pregnant condition, and requested your petitioner to sign a paper in the form of a note which she, the said Bessie Shinn, held in her hand, stating to your petitioner at that time, that your petitioner need not bother reading the said paper, that everything was all right, and that if your petitioner would sign said paper, it would be for your petitioner's benefit, and that she, the said Bessie Shinn, would explain to your petitioner later when your petitioner's health and strength was improved, the purpose of the paper and why she, the said Bessie Shinn, had requested your petitioner to sign said paper." These are the sole allegations in the petition relating to fraud.

We agree with the court below that these allegations were insufficient to support the charge of fraud. What benefits appellant expected to receive as the result of signing the paper is not stated. When and under what circumstances she eventually signed the note is not set forth. There is no averment as to the particular manner in which these vague expectations were not realized; neither is there any averment that appellees knew, at

the time the signature was procured, that these expectations could not or would not be attained. Where a party seeks relief on the ground of fraud, the petition must set forth the essential facts of the alleged fraud. *Fisher v. Hestonville, Mantua and Fairmount Passenger Railway Co.,* 185 Pa. 602, 605, 40 A. 97. The averment of fraud, without more, is a mere conclusion of law which does not justify the granting of relief unless the pleadings clearly set forth the specific facts supporting such conclusion. *Hambleton v. Hartman,* 160 Pa. Superior Ct. 447, 451, 51 A. 2d 511. *Rubinsky v. Kosh,* 296 Pa. 285, 145 A. 836, cited by counsel for appellant, is in complete harmony with the authorities just cited, for the Supreme Court pointed out (296 Pa. 285, 289, 145 A. 836) that the pleadings in that case fully stated facts from which a jury could properly find fraud.

The order of the court below is affirmed at the cost of appellant.