## State Farm Mutual Automobile Insurance Co. v. Nationwide Insurance Co.

*Frank S. Kelker,* for plaintiff.
*Gregory K. Douglass,* for defendant.
*John A. Miller,* for additional defendants Michelle Lee Plumley and Pamela Graboski.
*Edward J. Tocci,* for additional defendant Randy Plumley.

KUNSELMAN, *J.,* May 17, 1983—This case was initiated by State Farm's complaint against Nationwide. State Farm seeks to recover $32,517.78 which it paid for medical and rehabilitative expenses and $15,000 which it paid for uninsured benefits. According to the complaint, these benefits were paid as a result of injuries to Michelle Lee Plumley which she sustained when struck by an uninsured vehicle on July 27, 1980.

Michelle Lee Plumley is the daughter of Randy Lee Plumley who was insured by State Farm. When

an application for benefits was submitted by it, State Farm paid the benefits because of the impression created that Michelle was a relative of its insured and therefore, also an insured under its policy definition.

However, on the date of the accident, Michelle was residing with her grandmother. Her grandmother was an insured of Nationwide. Therefore, State Farm alleges that the payments made by State Farm should have been made by Nationwide. And, since State Farm made the payments under an erroneous belief, which was induced by a mistake of fact and a mistake of law, that it was discharging a duty owed by it, Nationwide is required to make State Farm whole.

Nationwide has joined Michelle and her parents, Pamela Graboski and Randy Plumley, as additional defendants. It alleges that, if the additional defendants misrepresented material facts which caused State Farm to make the payments, then the additional defendants are alone liable to State Farm.

State Farm filed preliminary objections to the complaint against the additional defendants and a motion to strike late joinder. However, these pleadings were withdrawn by State Farm at the time of oral argument and are not before us for disposition.

The additional defendants, Michelle Lee Plumley and Pamela Graboski, also filed preliminary objections. The first objection raises a question of jurisdiction and attacks service because Nationwide failed to attach copies of all pleadings theretofore, filed and failed to serve such prior pleadings. The second objection is a demurrer, alleging that there is no allegation of any conduct on their part which would support a cause of action against them; no allegation of any misrepresentation made by them; and, no allegation that any other party justifiably re-

lied upon any misrepresentation. The third objection is a motion for a more specific pleading, alleging that the complaint joining them does not identify the misrepresentation allegedly made or when or to whom it was made. These objections are presently before us for disposition.

## FAILURE TO ATTACH AND SERVE PRIOR PLEADINGS

Pa. R.C.P. 2252 (a) grants the right to join as an additional defendant any person who may be jointly or severally liable to the plaintiff or liable over to the original defendant on the cause of action declared upon by the plaintiff or who may be liable to the original defendant on his cause of action if it arises out of the same or series or transactions or occurrences as plaintiff's cause of action. Joinder may be accomplished either by a praecipe for a writ or a complaint which must be in the manner and form required of the plaintiff's initial pleading and which must set forth facts relied upon to establish the additional defendant's liability.

Rule 2254 (b) requires the joinder complaint to be served by the sheriff. It also provides that "Copies of all pleadings theretofore filed in the action shall also be served by the sheriff with the complaint, if the joinder is commenced by complaint . . ." Since Nationwide did not serve copies of all prior pleadings upon the additional defendants, Michelle Lee Plumley and Pamela Graboski are requesting the court to dismiss them as parties for improper service.

In Goodrich-Amram, 2d §2254 (b):3, these noted commentators say that service of the prior pleadings is not necessary to confer jurisdiction. This is for the reason that it is the first sentence of subdivision (b) of the rule which is the jurisdictional provision.

Once service of the writ or the complaint is effected, jurisdiction in personam is obtained. The requirement in the Rule to also serve prior pleadings is directory only and not mandatory, at least insofar as jurisdiction is concerned.

We agree with this analysis. This is especially so because failure to serve prior pleadings when joinder is accomplished by writ does not affect jurisdiction. See Almart Stores v. Liberty Shopping Center, 54 D.&C. 2d 415 (1972). If they are not necessary to confer jurisdiction where joinder is commenced by writ alone, they should not be necessary to confer jurisdiction where joinder is commenced by complaint.

This is not to say that this procedural irregularity should be ignored. We are only saying that it does not divest this court of in personam jurisdiction over the additional defendants and that it is sufficient if the additional defendants do, in fact, receive copies of the prior pleadings. We would, therefore, ordinarily direct Nationwide to serve copies of all prior pleadings upon the additional defendants and would relieve the additional defendants of any duty to answer the complaint until 20 days after receipt thereof. However, by reason of our disposition of the Demurrer, such an order is unnecessary.

## DEMURRER

As hereinabove stated, the sole basis of Nationwide's Joinder of additional defendants is that, if they misrepresented certain material facts to State Farm which caused State Farm to make the payments, then they alone are liable to State Farm. This theory of liability of the additional defendants to State Farm is insufficient in law for two reasons.

First, there are five elements which must exist in order for fraud to be actionable. They are:

1. a false representation of an existing fact;

2. the fact must be material if the misrepresentation is innocently made;

3. scienter — either actual knowledge of the truth or falsity; reckless ignorance of the falsity; or mere falsity if a duty to know is imposed;

4. justifiable reliance; and

5. damage to the person relying thereon. See Shane v. Hoffman, 227 Pa. Super. 176 324 A.2d 532 (1974).

There is no averment of who made what misrepresentation of what fact; of scienter; of justifiable reliance by State Farm; and, arguably, of damage to State Farm. Pa. R.C.P. 1019 (a) and (b) requires the material facts upon which a cause of action is based to be stated in a concise and summary form and fraud must be averred with particularity. We think that the complaint must set forth the essential facts, such as outlined above, of the alleged misrepresentation. See Shinn v. Stember, 163 Pa. Super. 363 (1948).

Second, and more important, the joinder is on the basis of sole liability. However, ". . . if an original defendant is primarily liable, he may not require a party secondarily liabile to be joined as an additional defendant." Eckrich v. DiNardo, 283 Pa. Super. 84, at 88 and 89, 423 A.2d 727 (1980). In footnote 2, Pg. 88, the Eckrich court distinguished secondary from primary liability as resting ". . . upon fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule of statutory or common law . . .".

We believe that, while this case does not present a classic example of primary/secondary liability, the parties and the circumstances are so analogous that

the rule set forth in Eckrich should apply. Michelle Plumley was entitled, under the Pennsylvania No-fault Motor Vehicle Insurance Act, to receive prompt and comprehensive professional treatment for her injuries. Therefore, prompt and adequate basic loss benefits must have been paid by the applicable security.

Section 204 (a) (2) of the Act, (40 P.S. § 1009.204 (a) (2)), provides that:

"The security for the payment of basic loss benefits applicable to an injury to: (2) an insured is the security under which the victim or deceased victim is insured."

An insured is defined in Section 103 of the Act as:

"(A) an individual identified by name as an insured in a contract of basic loss insurance complying with this Act; and

(B) a spouse or other relative of a named insured, a minor in the custody of a named insured, and a minor in the custody of a relative of a named insured if —

(i.) not identified by name as an insured in any other contract of basic restoration insurance complying with this act; and

(ii.) in residence in the same household with a named insured.

An individual is in residence in the same household if he usually makes his home in the same family unit, even though he temporarily lives elsewhere."

It is clear therefore that, under the pleadings and the act, either State Farm or Nationwide is the primary obligor for Michelle's basic loss benefits. She is a relative of their named insureds and the only question to be determined in order to establish which carrier has such primary liability is: in which insured's household was Michelle in residence.

On the other hand, as between Michelle and her parents and the two insurance companies, it is clear that, even if actionable fraud can be alleged and proven to have been perpetrated upon State Farm and State Farm is thereby entitled to recover the basic loss benefits from them, this would not affect their right to recover the benefits from Nationwide. This is for the reason that a finding of actionable fraud would establish that Michelle was "in residence in the same household with (the) named insured (of Nationwide)".

The conclusion as to Nationwide's primary liability is supported by J.C. Penney Casualty Insurance Company v. Liberty Mutual Insurance Company, 12 D.&C. 3d 340 (1979). In that case, a claimant was injured while operating a rented vehicle which was insured by Liberty Mutual. The claimant lived with a daughter who was insured by Penney. After the accident, Penney paid some no-fault benefits and then tendered the claim to Liberty Mutual. Thereafter, both carriers refused to pay further losses and both were sued by the claimant. That suit resulted in an order directing Liberty Mutual to begin paying the benefits.

Penney then sued Liberty Mutual to recover benefits it had previously paid. It averred, as does State Farm here, that it had paid the benefits because of a reasonable belief that it owed a duty to do so by reason of mistakes of fact and law. The court overruled Liberty Mutual's demurrer to Penney's action for restitution saying, on Pg. 343, that:

"Clearly Penney has averred that it did not act voluntarily, but to protect its own rights, in paying the debts which Liberty Mutual owed to claimant. The pleadings show that Penney discharged Liberty Mutual's obligations to claimant as each of the monthly payments came due. Penney, therefore,

paid each debt in full. Because Liberty Mutual is primarily liable to claimant, plaintiff avers it has been unjustly enriched by Penney. We find sufficient averments to support a cause of action in restitution."

In reaching the conclusion to sustain the Demurrer, we do not believe that Nationwide will be prejudiced in any way. Either it does or does not owe the basic loss benefits, depending upon the determination of Michelle's residence. If it is determined that she was a resident of the household of Nationwide's named insured, then Nationwide must pay the benefits. And whether it pays those benefits directly to the provider of the service, to Michelle's parents, or to State Farm is of no moment. In fact, it can be said that Nationwide will have received a benefit. It will have had the use of its money and, at the same time, will avoid the statutory penalty of 18 percent interest. This is for the reason that the penalty is imposed for overdue payments to the claimant and does not apply to an action for restitution. See J.C. Penney Casualty Insurance Co., Supra.

In view of our disposition of the demurrer, it is not necessary to rule on the motion for more specific pleading. If we were required to do so, we would order a more specific pleading for reasons discussed hereinabove.

For the foregoing reasons, the attached order is entered.

## ORDER

And now, this May 17, 1983, it is ordered and decreed that the original defendant's petition raising a question of jurisdiction and attacking service is dismissed. The demurrer is sustained and the complaint against additional defendants is dismissed.